## STANISLAW KOTOWSKI vs. AARON K. TAYLOR

1. NEGLIGENCE—BURDEN OF PROOF ON PLAINTIFF.

The burden of maintaining the negligence alleged in the declaration rests on the plaintiff.

2. NEGLIGENCE—OWNER OF SAND PIT HELD NOT LIABLE FOR CHILD'S DEATH FROM CAVE-IN.

In an action for the death of a child resulting from the cave-in of an embankment over a cut-out in a sand pit, where the evidence failed to show that the cut-out was made by defendant owner of the pit or any one acting directly for him, that he had actual knowledge of the bank having been left in an unsafe condition by a stranger, or that such condition existed so long as to impute notice to him, or that he was bound at his peril to discover such condition and remedy it, plaintiff cannot recover; the mere fact that defendant was the owner of the premises being insufficient.

3. NEGLIGENCE—TENANT CHARGED WITH KNOWLEDGE OF SAND PIT ON PREMISES CANNOT RECOVER FOR DEATH OF CHILD ON THEORY OF ATTRACTIVE NUISANCE.

A tenant living with his family within view of a sand pit on the premises, being charged with knowledge of the existence of a dugout in the bank thereof, cannot recover for the loss of the services of his child, who was killed by a cave-in of such bank, if he was guilty of contributory negligence; the doctrine of attractive nuisances being inapplicable.

(*March* 30, 1921) ·

BOYCE and CONRAD, J. J., sitting.

*James H. Hughes, Jr.,* (Of Marvel, Marvel, Layton and Hughes) for plaintiff.

*Horace G. Eastburn* for defendant.

Superior Court for New Castle County, March Term, 1921.
SUMS. CASE, No. 5, September Term, 1920.

Action by Stanislaw Kotowski against Aaron K. Taylor.
Directed verdict for defendant.

Evidence was introduced by the plaintiff to show that the defendant was the owner of a sand pit located at Ashley, New Castle county; that the sand pit had been operated off and on, for a period of about twenty years; that the method of taking sand from the pit was by undercutting, to secure the best sand; that the depth of the pit was from four to eight feet; that the place of the accident was located about three hundred feet from the house of the plaintiff, a tenant of the defendant at Circle City, situate in the plane of the dugout or pit; that defendant had been seen near the pit about a week before the accident, and at various times prior to that time; that on the day of the accident, Jesse, son of the plaintiff, aged six years and a half, was playing with other children, in and around the premises when the wall or rim of the pit where they were playing caved in, entirely covering plaintiff's son with earth, causing his death; that plaintiff and his wife had previously forbidden their child to go near the place of the accident; that the boy was healthy, in normal physical condition, and of average mentality.

The defendant testified that he had owned the premises for about seven years, but had not hauled sand from there since 1917; that people frequently purchased sand by the load from him, and were instructed by him to keep the bank of the pit cut down, and in a safe condition; that unknown persons had hauled sand from the pit without his knowledge; that he had never seen the bank when it had been left undercut and unsafe, or received any complaint to that effect. Other witnesses testified that, with the permission of the defendant, they had dug and hauled sand from the pit, but had always left the bank in a safe condition, as they had been instructed to do by the defendant. Another witness, a tenant of the defendant, who lived at Circle City, testified that he never saw the bank of the pit left undercut, or in an unsafe condition. Defendant went to the pit, Circle City, to collect rents.

Generally, the evidence disclosed that the place called the sand pit was commenced many years ago by digging out on the side of a hill for sand and gravel, and that on the premises from which sand and gravel had been removed, several tenement houses had been built, known as Circle City, all belonging to the defendant, including the house in which the plaintiff lived with his family at the time of the accident. The outer wall, or embankment, of the arc of the worked premises was probably two hundred feet in length and from four to eight feet in height.

When plaintiff rested, the court was requested to instruct the jury to return a verdict for defendant.

For the defendant it was contended that the bare fact of ownership of real property imposes no responsibility for a nuisance on it. 29 *Cyc.* 1203; *Wolf v. Kilpatrick*, 101 *N. Y.* 146 (151), 4 *N. E.* 188, 54 *Am. Rep.* 672; *Boomer v. Wilbur*, 176 *Mass.* 482, 57 *N. E.* 1004, 53 *L. R. A.* 172. This is true, either in the case of an independent contractor, or a lessee or a licensee. 38 *Cyc.* 480-481; *Peachey v. Roland & Evans*, 76 *E. C. L.* 182; *Inhabitants of Rockport v. Rockport Granite Co.*, 177 *Mass.* 246, 58 *N. E.* 1017, 51 *L. R. A.* 779; *Reedie v. Railroad Co.*, 4 *Exch.* 244; *Allen v. Smith*, 76 *Me.* 335; *Ahern v. Steel*, 115 *N. Y.* 203, 22 *N. E.* 193, 5 *L. R. A.* 449, 12 *Am. St. Rep.* 778; *Wasson v. Petit*, 117 *N. Y.* 118, 22 *N. E.* 566, 5 *L. R. A.* 794.

Where a nuisance is created on land of another without his knowledge, he is not liable for injury or damage caused by it. 29 *Cyc.* 1203, 1204; *Moore v. Langdon*, 2 *Mackey*, 127, 47 *Am. Rep.* 262; *Inhabitants of Rockport v. Rockport Granite Co.*, 177 *Mass.* 246, 58 *N. E.* 1017, 51 *L. R. A.* 779; *Brimberry v. Railway Co.*, 78 *Ga.* 641, 3 *S. E.* 274, *Grogan v. Foundry Co.*, 87 *Mo.* 321; *Rich v. Basterfield*, 56 *E. C. L.* 782 (799); *Laugher v. Pointer*, 5 *B. & C.* 547, 12 *E. C. L.* 311; *Brown v. McAllister*, 39 *Cal.* 573; *Caldwell v. Slade*, 156 *Mass.* 84, 30 *N. E.* 87; *Handyside v. Powers;* 145 *Mass.* 123, 13 *N. E.* 462; *Mellen v. Morrill*, 126 *Mass.* 545, 30 *Am. Rep.* 695.

In order to make the defendant liable, it must be shown that he was guilty of negligence; that he had knowledge of the danger-

ous ˙condition of the ground and that he owed some duty to the plaintiff. 47 *Amer. Rep.* 262, 5 *B. & C* 547.

The defendant owned the land in question, but did not occupy the same. The sand dug from the bank was either done by a licensee, or by a trespasser. The work was done solely on account of a licensee or trespasser and as his own business. It has not been shown that the defendant committed the act complained of, or that he participated in it. He was not responsible for it. It has not been shown that he had knowledge that the bank had been made unsafe, or that it had been left unsafe for such a length of time that the law would impute knowledge to him He was, therefore, without negligence, which is the gist of this action. *Robbins v. City of Chicago,* 4 *Wall. (U. S.)* 679, 18 *L. Ed.* 427.

The injury complained of was caused by the collateral negligence of the trespasser or licensee working for himself. *Rockport v. Granite Co. supra.*

The principle by which all these cases are governed is the general one that a person who receives an injury from another must proceed against the party by whom the injury is inflicted. There is no evidence before the court of a wrongful act committed by the defendant.

In reply, it was urged for the plaintiff that he is entitled to a recovery if his child was killed by the negligence of the defendant in maintaining a sand pit or cave which was attractive to children and in a place where it was reasonably proper for children to play, if the defendant did not provide suitable warning and protection appropriate to the age and condition of children who played there. *Talty v. Atlantic,* 92 *Iowa,* 135, 60 *N. W.* 516; *Fink v. Missouri Furnace Co.,* 10 *Mo. App.* 61. And this is so, notwithstanding that the defendant may have authorized a licensee to take sand or gravel at such times and in such manner as such licensee saw fit. *Rockport v. Rockport Granite Co.,* 177 *Mass.* 246, 58 *N. E.* 1017, 51 *L. R. A.* 779.

The defendant is liable if he knew of the dangerous condition of the premises and such notice may consist either of actual knowledge or may be derived from the fact that the premises were in

such condition for a long period of time. *Venderbeck v. Hendry*, 34 *N. J. Law*, 467; *Talty v. City of Atlantic*, 92 *Iowa*, 135, 60 *N. W.* 518.

The defendant is liable if he maintained a sand pit dangerous to children and of such character as naturally to attract them to enter the pit to play, notwithstanding that the said child was at the time of the accident a trespasser on the premises. *Talty v. Atlantic, 92 Iowa*, 135, 60 *N. W.* 518; *Cooley on Torts*, 127; (note) 19 *L. R. A. (N. S.)* 1153; *Barrett v. Southern Pacific Railroad Co.*, 91 *Cal.* 296, 27 *Pac.* 666, 25 *Am. St. Rep.* 186.

When a parent is not present to exercise care for a child, the fact that the parent may have been guilty of negligence in permitting the child to play in a place of danger is no defense. *Berry v. Lake Erie R. R. Co. (C. C.)* 70 *Fed.* 679, 681.

All the circumstances of a case must be taken into account and the question to be determined is whether the plaintiff took as much care of his child as reasonably prudent persons of the same class and of the same means ordinarily do. *Sher. & Red. Neg.* 105; *P. & R. v. Long & Wife, 75 Pa.* 257.

Attractiveness is implied invitation. 19 *L. R. A.* 1110; 2 *Cooley on Torts*, 1269.

The rule applies to children of tender years too young to appreciate danger and take care of self. 2 *Cooley on Torts*, 1270; *Sioux City & Pacific Railroad Company v. Stout*, 17 *Wall.* 657, 21 *L. Ed.* 745.

The rule of the turntable cases has been extended to other attractive nuisances. *Perkin v. McMahon*, 154 *Ill.* 141, 39 *N. E.* 484, 27 *L. R. A.* 206, 45 *Am. St. Rep.* 114; *Tucker v. Draper*, 62 *Neb.* 66, 86 *N. W.* 917, 54 *L. R. A.* 321.

And the rule is recognized in sand pit cases. *Talty v. Atlantic*, 92 *Iowa*, 135, 60 *N. W.* 516; 19 *L. R. A. (N. S.)* 1053; *Fink v. Missouri Furnace Co.*, 10 *Mo. App.* 61; *Thomp. on Neg.* 946.

We respectfully submit that the motion for binding instructions should be denied.

BOYCE, J. [1, 2]    This action is based upon negligence. The burden of maintaining the negligence alleged in the declaration

rests upon the plaintiff. If it has been shown that the defendant is guilty of the negligence complained of, he is liable; otherwise, no liability attaches to him. It has not been shown that the defendant was guilty of any fault of his own which directly led to the accident averred in the declaration. If it has been shown that the death of the child of the plaintiff resulted from a cave-in of the embankment over a cut-out made thereunder in taking sand or gravel from the bank, the evidence leaves no room for doubt that the cut-out was not made by the defendant, or any one acting directly for him, but that it was made by some other person undisclosed by the evidence.

If the place of the accident was left in an unsafe condition by a stranger, it has not been shown that the defendant had actual knowledge thereof, or that the unsafe condition in and about the bank existed such a length of time prior to the accident as that the law will impute notice to the defendant. Without actual or constructive knowledge, no fault can be imputed to the defendant owner, unless he was bound in law to discover the cut-out in the embankment, and make the surrounding conditions safe. The evidence before the court does not show such a case as that the defendant owner of the gravel pit was bound at his peril to discover the alleged unsafe condition therein and remedy it. The complaint against the defendant cannot be made to rest merely upon the fact that he was the owner of the premises at the time of the accident.

[3] The plaintiff was a tenant of the defendant, living with his family on the premises, in view of the place of the accident, and within three hundred feet thereof, and, under the undisputed evidence, it is the opinion of the court that he must be held to have been familiar with the surroundings, and, if there was a dugout in the bank, knowledge of its existence must be imputed to him; and, being charged with such knowledge, he cannot have a recovery in his own right for the loss of the services of his child, if, as it appears from the evidence in this case, he was guilty of negligence contributing to the accident. The turntable cases, relied upon in part by the plaintiff, were cases where the doctrine

of attractive nuisances and the liability for the maintenance of such nuisances was laid down. Under all the facts and circumstances of this case, it is the opinion of the court that the doctrine of these cases has no application to this case. We regret to take the case from the jury, but for the reasons assigned, we are constrained to give binding instructions to the jury to return a verdict for the defendant.

Gentlemen of the jury: For the reasons stated in your hearing, we instruct you to return a verdict for the defendant.

Verdict for defendant.