## BLOCH *v.* BROWN.

(Division B.    March 24, 1947.)

[29 So. (2d) 665.    No. 36331.]

654

**Vollor, Teller & Biedenharn** and **R. M. Kelly,** all of Vicksburg, for appellant.

James **D. Thames** and **John H. Culkin,** both of Vicksburg, for appellee.

Argued orally by **Landman Teller,** for appellant, and by **James D. Thames** and **John Culkin,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant is a tenant of the lower floor of a brick building in the City of Vicksburg. Appellee owns and occupies an adjoining three-story brick building. On April 6, 1944, appellee's building collapsed and fell upon the building of appellant causing considerable damage. Plaintiff sued upon four counts, alleging faulty and negligent construction and maintenance, and presaging reliance upon the doctrine of res ipsa loquitur. Defendant, in addition to the general issue, filed special pleas setting up the fact of an explosion without fault and the privity of plaintiff with his landlord, with consequent responsibility in maintenance of the party wall whose collapse caused the damage. From a verdict and judgment for the defendant, the plaintiff appeals.

The errors assigned include refusal of a peremptory instruction for plaintiff, and errors in other instructions granted and refused.

Testimony for the plaintiff showed that the building was about a century old; that the mortar had become inert and powdery; that it was possible to scrape this mortar from between the joints of the bricks with a stick or to thrust it completely through the walls; that it was improperly constructed even by structural standards applicable at the time of its erection.

Among plaintiff's witnesses were several who, from points of vantage in or atop nearby buildings, saw the walls of the Brown building waver perceptibly, then crumble and collapse. They heard no precedent detonation nor explosion. Those inside plaintiff's store heard first a "scratching noise" and noticed that the display cases along the wall were leaning outward. There was time to make some effort to adjust or secure them before the crash came, projecting a great mass of bricks and

other materials about them. These witnesses likewise heard no warning explosion. This testimony was correctly held sufficient to withstand defendant's motion to exclude plaintiff's evidence.

The defendant introduced some evidence of a loud "noise like a rumbling," "a rumbling explosion," or "rumbling and roaring." Others define the noise as an "explosion." Some fixed it before, and a few after, the noise of crumbling. A few heard two separate but closely timed "explosions." Two witnesses expressed opinions based upon subsequent inspection, that the collapse was caused by an explosion of some sort near a chimney built into the party wall. One of these latter witnesses insisted that there was a distinct detonation just prior to the collapse. There was some evidence of prior inspection of the building, yet much of this testimony was concerned with the repair of minor deficiencies.

An expression of our opinion that the theory of a precedent explosion needs more ample corroboration is not decisive since we have concluded that this issue, and the issue of reasonable inspection, were properly submitted to the jury.

In this sort of case, it is highly important that the jury be correctly apprised of the nature and extent of the burdens respectively placed upon the plaintiff and the defendant.

The instructions requested by plaintiff which advised the jury of the fact and weight of the presumption implicit in the doctrine of res ipsa loquitur were properly refused. Presumptions are for the judge and not the jury. Once they have served the purpose of making a prima facie case, their function ceases and the case goes to the jury free of the incident that the inferences thereby created have any force other than that which the jury may by their own reasoning attach to them.

In New Orleans & G. N. R. R. Co. v. Walden, 160 Miss. 102, 133 So. 241, prior decisions upon the use of presumptions were thoroughly canvassed and the impropriety of

their use in instructions demonstrated. The opinion therein was written by the same judge who wrote the opinion in Alabama & V. Railway Co. v. Groome, 97 Miss. 201, 52 So. 703, 704, wherein such an instruction embodying the stated doctrine was questioned by the comment ''the form of the instruction, however, has given us considerable difficulty,'' especially referring to its effect as placing an affirmative burden upon the defendant. It was construed as placing no undue burden on the defendant, especially when taken in connection with other instructions. Later decisions during the interlude between the Groome and Walden cases vindicated the propriety of establishing a clearer rule even at the expense of overruling several in consistent cases. Later cases are Natchez Coca-Cola Bottling Co. v. Watson, 160 Miss. 173, 133 So. 677; White v. Weitz, 169 Miss. 102, 152 So. 484; Bridges v. State, 197 Miss. 527, 19 So. (2d) 738. See also Hayne, New Trials, p. 335 et seq.; Vol. XVII Miss. L. Journal, pp. 1, 16; A. L. Inst., Model Code of Evidence, pp. 43, 704. Compare Crowell v. State, 195 Miss. 427, 15 So. (2d) 508.

The following instruction was given for the defendant: ''The Court instructs the jury for the Defendant that, unless you believe from a preponderance of the evidence in this case that the Defendant actually knew, or by the exercise of reasonable care, should have known, that his building was dangerous and likely to collapse, then it is your sworn duty to find your verdict for the Defendant.''

Appellant assigns for error that this casts an undue burden upon plaintiff. We do not think so. The burden of plaintiff, whether lightened by a presumption or not, remains throughout to show causal negligence of the defendant. The rules of liability are not changed by the doctrine. Gulfport Creosoting Co. v. White, 171 Miss. 127, 157 So. 86.

The following instruction was refused the plaintiff: ''The Court instructs the Jury for the Plaintiff that unless you find and believe from the evidence before you

that there was an explosion caused without fault of the Defendant and that this explosion resulted in the fall and collapse of the Brown building and the damages to the Plaintiff then it will be your sworn duty to return your verdict for the Plaintiff."

We find no error here. The instruction stakes defendant's liability solely upon the explosion theory, and assumes that there was no factual issue of collapse from structural causes due to negligence in inspection. Two other similar instructions embodied the same error.

Other instructions granted and refused have been examined without detection of error. Our greatest concern, however, is provoked by the following instruction granted to defendant: "The Court instructs the jury for the Defendant, that if you believe from the evidence in this case, an explosion occurred in the party wall, or the wall common to the Brown and Schwartz buildings, and as a result thereof, the said wall collapsed, then it will be your sworn duty to find your verdict for the Defendant."

The theory of an explosion was pleaded as an affirmative defense. The plea of general issue was sufficient to put plaintiff to proof of defendant's negligence, and the doctrine of res ipsa loquitur does not convert such plea into an affirmative defense. Sanders v. Smith, 200 Miss. 551, 27 So. (2d) 889, 891. Yet, the mere fact of an explosion as a causative factor would not per se meet the defendant's burden. It is conceivable that such occurrence itself might in fact inject a new basis for an inference of negligence under the stated doctrine. Moreover, unless it was without fault of defendant, and was the sole cause of the collapse, it would not exonerate the defendant.

The special plea recognized this in its assertion that such "collapse of the party wall as alleged in the declaration was the proximate result of an explosion which occurred in the said party wall, which said explosion was of unknown origin, and which occurred through no fault of the said defendant." This plea placed no burden upon

plaintiff until the defendant had established it affirmatively.

The instruction authorized the jury to resolve the question of liability upon the sole issue of explosion vel non, and to rescue defendant in midchannel after he had fled Scylla and before he had achieved the perilous asylum of Charybdis. We are compeled to declare error here.

It would be amiss if, subjecting the parties to a new trial prolonged as it may be, we did not clarify the relative rights of the parties in utilizing the leverage of presumed negligence on the one hand and the extent of defendant's resultant burden on the other. The parties have the right to have the jury instructed upon the incidence of the burdens of proof.

We should not, and do not, prescribe forms of instructions. While the inference of negligence from an unexplained collapse is sufficient for the trained judge who accepts its force as adequate to the establishment of a prima facie case, the jurors are aware of no such standardized formula. It is true that the inferences implicit in the doctrine remain available as such, and are commended to the reason and judgment of the jury as being logically relevant, since the legal presumption is genuine and not arbitrary nor spurious. Yet, the jurors, left solely to their own resources of reason and logic and admonished that the applicable legal principles are embodied ied in the instructions, are apt to charge against a plaintiff any failure fully to explain the catastrophe by direct proof and to withhold the very inferences which the doctrine was designed to supply. The plaintiff is therefore entitled to an instruction stating, in substance, that proper and adequate proof of collapse places some burden upon the defendant. The extent of this defensive burden is at most merely to adjust the scales to equipoise but not to preponderance. As stated, a mere general issue plea imposes no greater burden than this.

An instruction would recognize the rights and responsibilities of each which fixes and maintains the initial bur-

den of preponderant proof upon the plaintiff, yet advises the jury that a burden, albeit of proceeding, is thereby placed upon the defendant to make some explanation, which taken in connection with the fact of collapse, defendant's rebuttal and plaintiff's answer thereto will depress plaintiff's proof below a preponderance, and that this burden devolves upon the defendant upon mere proof of the collapse. We refer throughout, of coure, to proof upon the issue of negligence vel non.

The task of so framing an instruction as to embody precisely the principle as above stated, and at the same time in language that will not mislead but enlighten the average jury is not an easy one, as may be readily appreciated, but it is a task which belongs to counsel and the presiding judge in the court of original jurisdiction and not to us here,—we review but do not originate.

The instructions drawn upon the theory of a joint responsibility of the plaintiff as being in privity with the landlord were properly refused. Compare Hoffman v. Kuhn, 57 Miss. 746, 34 Am. Rep. 491; Hiller v. Wiley, 192 Miss. 488, 6 So. (2d) 317.

Reversed and remanded.