261 P.2d 827

**COTTER v. NOVAK.**
No. 5654.

Supreme Court of New Mexico.
Oct. 6, 1953.

Joseph L. Smith, Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellant.

Gilbert, White & Gilbert, Sumner S. Koch, Santa Fe, for appellee.

McGHEE, Justice.

While Judith Kay Cotter, a six year old child, was staying with her family at a trailer park in Albuquerque, New Mexico, operated by the defendant for the purpose of renting to guests such as the Cotter family, she engaged in play with other children of similar age near some lumber and cans of nails which the defendant had knowingly permitted to remain on the premises after a tool shed had been torn down. While so playing, one of the children placed a nail in a dart gun and discharged it into Judith's left eye, with the result the eye was blinded.

Upon defendant's motion the complaint of the plaintiff as father and next friend of the injured child alleging the foregoing facts was dismissed for failure to state a claim upon which relief could be granted. The plaintiff, appealing, contends the complaint alleges a cause of action in negligence under either the theory of "attractive nuisance" or violation of duty owed by the defendant to Judith as a business invitee or tenant; while the defendant says the leaving of an accumulation of nails exposed on the premises did not create a dangerous condition which he was under a duty to either correct or give notice thereof to his tenants, and, further, that if he could be said to be negligent, such negligence was not the proximate cause of the unfortunate injury.

In the view we take of the case it is unnecessary to consider the question of causation because the facts alleged in the complaint, taken as proved, are insufficient to show negligence on the part of the defendant under any theory.

In Krametbauer v. McDonald, 1940, 44 N. M. 473, 104 P.2d 900, 905, this Court quoted with approval the following general definition of negligence from the Restatement of the Law of Torts, Sec. 284, to-wit:

"Negligent conduct may be either:

"(a) an act which the actor as a reasonable man should realize as involving an unreasonable risk of causing an invasion of an interest of another, or

"(b) a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do."

The defendant was under a duty to exercise reasonable care to keep his premises in a reasonably safe and suitable condi-

tion, or to warn his invitees or business visitors of dangers thereon of which he knew or should have known about in the exercise of reasonable care. See De Baca v. Kahn, 1945, 49 N.M. 225, 161 P.2d 630; 65 C.J.S., Negligence, § 45b; 38 Am.Jur., Negligence, Sec. 96; 2 Restatement of the Law of Torts, Sec. 343.

■ It is also the correct rule that the owner or operator of premises is under a higher duty with respect to children who are invitees to protect them from dangers about the premises because of their youth and inexperience and inability to appreciate a condition of danger which might be obvious to an adult. 38 Am.Jur., Negligence, Sec. 137; 65 C.J.S., Negligence, § 52; and see also, Comment b under Sec. 342, 2 Restatement of the Law of Torts, where the same principle is discussed with respect to children who are licensees. And we are in agreement with counsel for both parties in this case that there is no substantial difference between the duty of a landowner or operator maintaining an "attractive nuisance" on his property and the duty of the present defendant to children already lawfully upon his premises. But the violation of this duty can only be made out by a showing the condition complained of was in some manner dangerous to children and that the defendant, as a reasonable man, should have anticipated or foreseen the risk of injury. Valdez v. Gonzales, 1946, 50 N.M. 281, 176 P.2d

173; Reif v. Morrison, 1940, 44 N.M. 201, 100 P.2d 229.

■ We cannot ascribe to an accumulation of nails in cans the quality of danger urged upon us by plaintiff, nor can we say the defendant as a reasonable man should have foreseen injury resulting to a child from their being left exposed. Nails are a common household object and building supply in universal use. They do not explode or catch fire—they are not poisonous or corrosive of human flesh. Unless an unusually large amount of them were collected together, they could not injure a child by falling upon him. When playing with them a child of Judith's age is not likely to injure herself. There is, in fact, little more inherent danger in a can of nails than in a can of pebbles, and if liability be imposed for the exposure of nails, it is difficult to conceive any object which could be brought upon the premises or left there with impunity.

The plaintiff seeks support for his contention in the case of Selby v. Tolbert, 1952, 56 N.M. 718, 249 P.2d 498, but we do not deem the situation in that case analagous to the present one. There the defendants permitted a burned van-type refrigerator trailer left on a dolly and precariously braced by beams to remain on a vacant lot. While there is nothing inherently dangerous about a trailer, the manner in which it was parked created a condition of inherent danger and peril and the defendants as reasonable men

should have foreseen children might be attracted to play on and about it and tip it over upon them.

It follows the action of the lower court in dismissing plaintiff's complaint was entirely correct and its order is hereby affirmed. It is so ordered.

SADLER, C. J., and COMPTON, LUJAN, and SEYMOUR, JJ., concur.