374 P.2d 141

**Steven Robert McFALL, by his next friend, Donald C. McFall, Plaintiff-Appellant,**

**v.**

**Rosa SHELLEY, Defendant-Appellee.**

No. 6886.

Supreme Court of New Mexico.

Aug. 15, 1962.

Key, Cohen & May, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Robert M. St. John, Albuquerque, for appellee.

CARMODY, Justice.

In this action, which was tried to the court sitting without a jury, the plaintiff sought damages resulting from one of the blocks in the defendant's wall falling upon him as he let himself down from the wall. The trial court entered judgment for the defendant, and plaintiff has appealed.

The accident occurred on September 2, 1954, and suit was filed about five years thereafter. The plaintiff, Steven McFall, was at the time some five years of age and lived in the house next door to the defendant's house, both properties being owned by the defendant. On the date in question, Steven saw a cat on the roof of the defendant's house and got up on the wall in front of the house, "scooted" down the wall to where it was against a tree, and then stood up and found that he could not reach the cat, so he started to get down. In so doing, he hung by his hands from the top of the wall and some of the blocks came loose, as a result of which he fell to the ground and one of the blocks fell on his leg, breaking it and causing serious and permanent injuries.

The suit was filed for the plaintiff by his father as next friend. The court, after hearing all of the evidence, entered judgment in favor of the defendant, having theretofore made its findings of fact and conclusions of law.

The real question involved is whether, under the circumstances of this case, the so-called attractive nuisance doctrine applies.

There is no question but that this court is committed to the doctrine that a rule of negligence liability should be more strictly applied to the case of young children than other trespassers. This is the miscalled attractive nuisance doctrine. Selby v. Tolbert, 1952, 56 N.M. 718, 249 P.2d 498. See, also, Barker v. City of Santa Fe, 1943, 47 N.M. 85, 136 P.2d 480; Cotter v. Novak, 1953, 57 N.M. 639, 261 P.2d 827; Mellas v. Lowdermilk, 1954, 58 N.M. 363, 271 P.2d 399; and Foster v. United States, 183 F.Supp. 524 (D.C.N.M. 1959), aff'd without opinion, 280 F.2d 431 (10th Cir.1960). By implication in the above cases, we have generally accepted the doctrine as set out in § 339 of Restatement of Law of Torts, with the additional qualification that the rule is not necessarily limited to the possessor of land. New Mexico also follows what is apparently the majority rule, which does not require that the child be actually attracted to the premises by the artificial condition itself. Selby v. Tolbert, supra.

There appears to be no conflict in the reported cases that a property owner is not responsible when a child falls from a

wall and is injured, absent any hidden defect therein. One of the very early cases dealing with this subject is Kayser v. Lindell, 1898, 73 Minn. 123, 75 N.W. 1038 (case 2), which held that the property owner was not responsible where a child fell off of a retaining wall. In the course of that opinion, the Minnesota Supreme Court stated that, in effect, a property owner is not bound to guard every stairway, cellarway, retaining wall, shed, tree, and open window on his premises, so that a child cannot climb to such place and fall off. This same general holding has been followed in all of the cases where there was no hidden defect. See, Schiavone v. Falango, (1962), 149 Conn. 293, 179 A.2d 622; Neal v. Home Builders, Inc., 1953, 232 Ind. 160, 111 N.E.2d 280, 713; McHugh v. Reading Co., 1943, 346 Pa. 266, 30 A.2d 122, 145 A.L.R. 319; and, see, Anno., 145 A.L.R. 322.

■ The trial court made a finding, which is in no sense attacked, that the defendant had no knowledge, nor had she received any information, that small children were playing about or climbing upon the wall. The plaintiff makes some effort to attack certain other findings of the trial court, although the attack leaves much to be desired, but the above finding is binding upon us. We have examined the transcript, and there is not one word of testimony with respect to other children, or the plaintiff himself, ever having played or climbed upon the wall. The plaintiff attempts to minimize this deficiency by the argument that it is well known that children climb upon walls; whether this is an attempt to have us take judicial notice of this fact is not so stated, but it is doubted that, even if most people know that children do climb upon walls, such knowledge could be imputed to the defendant under the proof offered in this case.

■ The plaintiff does attempt to attack one of the findings of the trial court, to the effect that the defendant had not received any information, nor did she have actual knowledge, that the wall, or any part of it, was defective or in a state of disrepair. Plaintiff would seem to urge that the fact that a portion of the wall fell down, it therefore follows that defendant must have known the wall was defective and that actual knowledge is immaterial. In this regard, plaintiff, in effect, would contend that it is the duty of the possessor of land to inspect or police it, in order to discover whether there is any condition which will be likely to harm trespassing children. We are cited no case supporting this assertion, and, insofar as we can determine, the cases are to the contrary. Thompson v. Alexander City Cotton Mills Co., 1914, 190 Ala. 184, 67 So. 407; Pierce v. United Gas & Elec. Co., 1911, 161 Cal. 176, 118 P. 700; Kotowski v. Taylor, 1921, 1 W.W.Harr. 430, 31 Del. 430, 114 A. 861; Mayfield Water & Light Co. v. Webb's Adm'r, 1908, 129 Ky. 395, 111 S.W.

**394**

712, 18 L.R.A.,N.S., 179; Von Almen's Adm'r v. City of Louisville, 1918, 180 Ky. 441; 202 S.W. 880; Jones v. Louisville & N. R. R. Co., 1944, 297 Ky. 197, 179 S.W.2d 874, 152 A.L.R. 1259; Witte v. Stifel, 1894, 126 Mo. 295, 28 S.W. 891; Ann Arbor R. R. Co. v. Kinz, 1903, 68 Ohio St. 210, 67 N.E. 479; Riebel v. Land Title Bank & Trust Co., 1941, 143 Pa.Super. 136, 17 A.2d 742; Rush v. Plains Township, 1952, 371 Pa. 117, 89 A.2d 200; Selve v. Pilosi, 1916, 253 Pa. 571, 98 A. 723; Pietros v. Hecla Coal & Coke Co., 1935, 118 Pa.Super. 453, 180 A. 119; Cooper v. Overton, 1899, 102 Tenn. 211, 52 S.W. 183, 45 L.R.A. 591. We note plaintiff's reliance on Wood v. Sloan, 1915, 20 N.M. 127, 148 P. 507, L.R.A.1915E, 766, and Barakos v. Sponduris, 1958, 64 N.M. 125, 325 P.2d 712, but neither of these cases is authority for the contention made here.

██ According to the evidence, there was no showing whatsoever of the condition of the wall prior to the accident, other than the statement of the father of Steven that it appeared to be in the same condition now as before, except for the part that had been repaired after the accident. This will be mentioned again in the discussion of another of the plaintiff's points of error, but, for present purposes, all that was shown by the evidence is that the wall would still be in the same condition that it was on the day of the accident except for the actions of Steven.

It would seem that it is too much to expect that every person owning a structure must anticipate and protect himself against every conceivable form of infant's play or exploration. While it may not be true in all parts of the United States, at least in the Southwest, walls have been in common usage since before the days of Coronado; they are almost as numerous as houses, not only in Albuquerque but elsewhere throughout the state.

██ Absent some showing that the property owner failed to exercise all reasonable care under the circumstances, it cannot be countenanced that liability attach for all accidents relating to the condition of the wall. In this connection, plaintiff strenuously maintains that the mere falling of the blocks from the wall and the resulting injury to the child made a prima facie case. The plaintiff argues that, having done so, it was the trial court's duty to render judgment in his favor. This is not a proper construction of the *res ipsa loquitur* doctrine, for, although it may be sufficient to avoid a nonsuit, it does not necessarily require a judgment in favor of the plaintiff. The burden remains with the plaintiff to satisfy the court, or the jury, that the defendant was negligent. There is nothing in Hepp v. Quickel Auto & Supply Co., 1933, 37 N.M. 525, 25 P.2d 197, to the contrary. The above case is more fully ex-

plained in Tuso v. Markey, 1956, 61 N.M. 77, 294 P.2d 1102, wherein this court quoted with approval Dean Prosser's statement of *res ipsa loquitur*, as follows:

" 'In the ordinary case res ipsa loquitur merely permits the jury to choose the inference of the defendant's negligence in preference to other permissible inferences. It avoids a nonsuit and gets the plaintiff to the jury; but a verdict for the defendant will be affirmed even though he offers no evidence.' "

See, also, Watts v. Richmond, F. & P. R. Co., 1949, 189 Va. 258, 52 S.E.2d 129, 7 A.L.R.2d 1418; and Bloch v. Brown, 1947, 201 Miss. 653, 29 So.2d 665, 173 A.L.R. 874.

In the instant case, the court, after hearing all of the evidence, made a finding that the defendant was not negligent with respect to the wall. Thus, the plaintiff has failed in his proof, and there can be no recovery.

▪The trial court made a finding "that the block wall, as such, cannot be considered an attractive nuisance." Here, again, the plaintiff, in his attempt to attack this finding, appears to rely upon *res ipsa loquitur*. The brief, however, is sadly deficient in the attack, in its failure to cite any transcript references. See, Swallows v. Sierra, 1961, 68 N.M. 338, 362 P.2d 391.

But, be this as it may, just because the accident occurred does not make the defendant responsible, nor does it make the wall, as such, an attractive nuisance.

Plaintiff then asserts error in the fact that many of the court's findings and conclusions referred to the plaintiff as the father, rather than to the child Steven. In particular, the plaintiff points out that finding No. 5 related to the plaintiff's observation of the wall prior to the accident. This had reference to the testimony of Steven's father, who was not the plaintiff but merely the next friend. The same sort of error crept into certain of the other findings, and plaintiff urges that the trial court entirely misconstrued the law in making improper designation of the parties and that therefore the findings should be disregarded. However, if the findings are read as a whole, it is obvious that the court was fully cognizant that this was an attractive nuisance case and that the doctrine is applicable to children, not adults. This is inherent from a consideration of all the findings, and we do not believe that the misnomers caused any misapplication of the law. The cases cited by the plaintiff, although perhaps good law, can only be applied to this case if one takes a strained construction with respect to certain of the findings, without regard to the balance thereof.

Lastly, the plaintiff quarrels with a finding of the trial court, which was made by reason of the testimony of an expert in the field of masonry construction. The finding was to the effect that the expert found that the mortar which joins the blocks which were undisturbed in the accident was in good condition shortly before the trial, and that the same was in good repair and the wall constructed in a workmanlike manner. The examination by the expert was made approximately a week before the trial and was of value to the court to show the condition of the mortar at that time. Also, it was perfectly proper for the court to consider this testimony in view of the testimony of the father as to the condition of the wall at the time of trial and its condition at the time of the accident. Thus, for whatever value it was, the testimony was not objectionable and the finding based thereon was not improper. It would seem to us that it was a question of the weight to be given the testimony rather than its admissibility—it being for the trial court to give such value to the testimony as he deemed fit.

The judgment will therefore be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.