402 P.2d 48

Kent SAUL, a minor person, by his next friend and father William H. Saul, and William H. Saul, Plaintiffs-Appellees,

v.

The ROMAN CATHOLIC CHURCH OF the ARCHDIOCESE OF SANTA FE, Edwin Vincent Byrne, a Corporation Sole, Defendant-Appellant.

No. 7569.

Supreme Court of New Mexico.

May 3, 1965.

Robertson & Robertson, Raton, for appellant.

Wright & Kastler, Raton, for appellees.

COMPTON, Justice.

William H. Saul, for himself and as next friend and father of Kent Saul, a minor, brought this action to recover for personal injuries sustained by Kent Saul in an accident on the grounds of St. Patrick's School in Raton, New Mexico. The negligence alleged in the complaint was based upon the so-called doctrine of attractive nuisance. The Roman Catholic Church of the Archdiocese of Santa Fe, owner of the school property involved, and defendant below, answered affirmatively pleading trespass, contributory negligence and assumption of risk. The appeal is from a judgment based upon a jury verdict awarding damages to the Sauls in the total amount of $3,606.00.

The appellant church challenges the sufficiency of the evidence to sustain the verdict, and charges error by the court in failing to determine, as a matter of law, that Kent Saul was contributorily negligent and thus directing a verdict. Alternatively, the appellant asserts error by the court in the giving and refusal of certain instructions.

The pertinent facts are not disputed. On or about July 10, 1958, in the process of preparing the grounds of St. Patrick's School for the installation of a sprinkler system, numerous ditches and trenches were dug, including a hole approximately 2½ feet by 3 feet and about 30 inches deep, to house a valve control box. This excavation was located on the school property in a corner formed by the intersection of two sidewalks, one of which runs north and south adjacent to the street and the other east to the school building. The excavation was left open and uncovered and without flares or barricades.

At the time of the accident Kent Saul was 10 years old with the intelligence, maturity and capacity of an ordinary child his age. He lived diagonally across the street from the school which was in a well-populated residential district. At dusk in the evening, after dinner, he walked his bicycle to a neighbor's house from which piles of dirt in the school yard could be seen. He then rode his bicycle in the street by the school grounds to examine the piles of dirt and returned to the neighbor's house. Shortly thereafter he rode back to the school, laid his bicycle on the curb, noticed the excavation in the corner of the sidewalks and proceeded to jump across it from the dirt edge to the concrete sidewalk, and jumped back again. He jumped across the third time, in the same direction as at first, but fell short. He landed on the edge of the abutting concrete sidewalk breaking his right leg, thereby sustaining serious and permanent injury which forms the basis of this action.

In order to subject a possessor of land to liability for bodily harm to young children trespassing, there must be a concurrence of the following conditions, (1) the place or property must be one upon which the owner knows or should know children are likely to trespass, (2) the condition of the property must be one which the owner knows or should know involves an unreasonable risk of death or harm to such children, (3) the children because of their youth do not discover the condition or realize the risk, and (4) the utility to the possessor or owner of maintaining the condition is slight as compared to the risk of young children involved. Restatement of Torts, § 339; Klaus v. Eden, 70 N.M. 371, 374 P.2d 129; Selby v. Tolbert, 56 N.M. 718, 249 P.2d 498.

It was also stated by this court in Klaus v. Eden, supra, that there is nothing different in the so-called law of attractive nuisance and the general law of negligence, except that involved is a recognition of the habits and characteristics of very young children.

With respect to the initial question, the alleged negligence of the appellant, it is admitted there was sufficient evidence of

(1) above, but it is denied that this is true as to the last three requirements. In support of its position concerning (2), the appellant asserts there is nothing unusual, uncommon or inherently dangerous about an open and visible excavation, from which an unreasonable risk of death or bodily harm could be foreseen, and places reliance upon our cases of Cotter v. Novak, 57 N.M. 639, 261 P.2d 827; Mellas v. Lowdermilk, 58 N.M. 363, 271 P.2d 399; McFall v. Shelley, 70 N.M. 390, 374 P.2d 141.

In the Cotter case, while it was held there was nothing inherently dangerous about a can of nails, the injury to the child did not proximately result from the exposure of the nails but from an unforeseeable intervening cause. The pond involved in the Mellas case was held not to constitute an attractive nuisance for the reason there was no evidence to establish negligence of the owner in maintaining the pond, and there was evidence of contributory negligence of the deceased child. In the McFall case, a block wall was held not to be an attractive nuisance in the absence of hidden danger of which the possessor had knowledge.

█ We do not perceive that these cases stand for the proposition that certain conditions or instrumentalities do, or do not, constitute an attractive nuisance. In each of them, the test of foreseeability of harm to a child under the particular circumstances was the crucial consideration.

The appellant here admittedly knew children trespassed upon its school grounds to play. This being true, it became a question of fact for the jury to determine whether the appellant exercised that degree of care for the protection of children which the circumstances required, and the court so instructed the jury.

█ Next, the appellant insists that the court erred in failing to determine, as a matter of law, that a normally intelligent 10-year-old child who discovers an excavation and jumps over it, is presumed to understand the condition and realize the risk involved and is, therefore, barred from a recovery by his own thoughtless or reckless acts. This contention has no merit. Even if such a presumption existed under the holding in Mellas v. Lowdermilk, supra, as appellant asserts, in the instant case, unlike Mellas, there was contradictory evidence.

Kent Saul testified that he went back to the school grounds out of curiosity; that he could see the other side of the hole when he jumped across it, but it was dark and he did not look inside to see how deep it was; that when he jumped across the hole he was just playing; that he did not think about any danger nor did it occur to him he might hurt himself or that there was a question of risk or chance; he just thought it would be fun to jump across. There was no evidence to the contrary.

The appellant contends this testimony consists merely of self-serving declarations and is not substantial evidence of anything except that Kent Saul acted thoughtlessly and in heedless disregard of his own safety. True, Kent Saul discovered the hole, but whether his subsequent conduct was that of a normal 10-year-old child under the circumstances was a question of fact for the jury.

█ █ In any event, in view of our decision in Martinez v. C. R. Davis Contracting Company, 73 N.M. 474, 389 P.2d 597, it appears to be settled that the correct test by which the conduct of a child is to be measured in determining contributory negligence is whether he exercised that degree of care ordinarily exercised by children of like age, capacity, discretion, knowledge and experience under the same or similar circumstances for his own protection, and if reasonable minds can differ as to whether a child because of his youth discovered the condition or realized the risk involved in intermeddling in it or in coming within the area made dangerous by it, then it becomes an issue of fact for the jury under proper instructions. See also Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; McMullen v. Ursuline Order of Sisters, 56 N.M. 570, 246 P.2d 1052.

█ We conclude that the jury was properly instructed on the law with respect to negligence and contributory negligence as they related to the issues raised and the evidence presented. And we find no error in the court's refusal of other instructions requested by the appellant as they either contained an incorrect statement of the law, sought to inject a false issue in the case, or their subject matter was amply covered by the instructions given. Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699.

The jury concluded that the appellant's negligence was the proximate cause of the injury, and we think the evidence substantially supports its verdict. Therefore, the verdict will not be disturbed. Brown v. Pot Creek Logging & Lumber Company, 73 N. M. 178, 386 P.2d 602.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY, Chief Justice, and NOBLE, Justice (dissenting).

We must dissent from the majority opinion, principally because under these circumstances the excavation embodied no danger that was not readily apparent to everyone, even young children, and the owner of the premises is under no obligation, as a rule, to fence or otherwise guard such places and will not be liable to children who may have fallen thereon. Prosser, 47 Cal.L.Rev. 429, Restatement on Torts,

§ 339, Comment (b). The effect of the majority opinion is to practically make a landowner an insurer of the safety of children.

The facts of this case present strong reasons for not extending the attractive nuisance doctrine to cover cases of patent and visible alluring dangers other than those arising from mechanical appliances. See Mellas v. Lowdermilk, 58 N.M. 363, 271 P.2d 399. We think it unnecessary to repeat what was said in our respective dissents to Martinez v. C. R. Davis Const. Co., 73 N.M. 474, 389 P.2d 597. For these reasons and those expressed in the dissents to Martinez, we are compelled to dissent from the majority opinion.