# FERDINAND HEIMANN

*v.*

## FRANK T. KINNARE, Admr.

*Opinion filed April 18, 1901.*

1. NEGLIGENCE—*when question of negligence becomes one of law.* In a personal injury case where the facts are undisputed and but one reasonable inference can be drawn therefrom the question of negligence becomes one of law for the court.

2. INFANTS—*when administrator cannot recover for death of minor.* Damages from the owner of an unprotected clay-hole cannot be recovered by an administrator for the accidental drowning therein of a boy thirteen years old and of ordinary intelligence, under undisputed evidence that the boy, who had gone with his brother, at his own suggestion, to see if the ice was strong, ran recklessly down the bank, jumped over the open water at the edge and slid out upon the ice, which was covered with water, to a point where he knew that the water beneath the ice was beyond his depth, and at which point he broke through and drowned. (*City of Pekin* v. *McMahon,* 154 Ill. 141, and *Siddall* v. *Jansen,* 168 id. 43, distinguished.)

3. SAME—*when minor must be presumed to be of ordinary intelligence.* A boy thirteen years old, who is attending school, must be presumed to be of ordinary intelligence for one of his age.

*Heimann* v. *Kinnare,* 92 Ill. App. 232, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

LOESCH BROS. & HOWELL, for appellant.

J. G. GROSSBERG, and CLAUDIUS PETERS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought in the superior court of Cook county by the appellee, as administrator, against the appellant, to recover damages for negligently causing the death of his intestate. The declaration contains three counts. The first count charges that

the defendant was the owner of certain premises located in said county, on which there was a certain dangerous hole of great depth, to-wit, of twenty-four feet, hidden from view, and which was filled with water and covered with ice, on and to which the public had free access, yet the defendant, well knowing the matters aforesaid, wrongfully and unlawfully kept said hole so insufficiently guarded, covered and protected, that by reason thereof said intestate, who was using all due care and caution for his own safety, in passing over said premises, without any fault or negligence on his part, unavoidably slipped and fell into said hole and was then and there drowned. The second count charges that the defendant, being the owner of said premises, had caused a dangerous hole to be made thereon and permitted water to accumulate and remain therein, so that it became and was a nuisance and was dangerous to the lives of children of tender years, incapable of exercising ordinary care and discretion, who might be attracted thereto, and that it became and was the duty of the defendant to cause the same to be drained so as to remove the water therefrom, which he wholly failed and neglected to do; that the water in said hole being partially frozen over, the decedent, a child of tender years and incapable of exercising ordinary care and discretion, was attracted thereto, and without any fault or negligence on his part fell into said hole and was drowned. The third count charges that the defendant, being the owner of said premises, caused a dangerous hole or pit to be made thereon and permitted water to accumulate and remain therein, so that it became and was a nuisance, and was dangerous to the lives of children of tender years, incapable of exercising ordinary care and discretion, who might be attracted thereto; that it was the duty of the defendant to cause said hole or pit to be safely guarded and enclosed, so as to render it reasonably inaccessible to children of tender years; that the defendant neglected and failed to cause

the said hole or pit to be so safely and securely enclosed, and that the same was wholly unenclosed and unfenced, open and accessible to children; that the water in said hole or pit being partially frozen over, the decedent, a child of tender years and incapable of exercising ordinary care and discretion, was attracted thereto, and without any fault or negligence on his part, or the part of his parents, fell into said hole or pit and was then and there drowned. The defendant pleaded the general issue. A trial resulted in a verdict in favor of appellee for $600, upon which verdict, after overruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a certificate of importance having been granted a further appeal has been prosecuted to this court.

The defendant introduced no evidence, but at the close of the plaintiff's evidence moved the court to withdraw the evidence from the jury and instruct them to find for the defendant, which the court declined to do, to which action of the court in that behalf the defendant excepted.

The evidence for the appellee shows that on December 25, 1893, the decedent, a boy between thirteen and fourteen years of age, in company with his brother, who was between fifteen and sixteen years of age, went to a clay-hole, known as "Heimann's," located upon a forty-acre tract of land situated in the city of Chicago, bounded by Southport, Ashland, Wrightwood and Diversey avenues, for the purpose of ascertaining if the ice thereon was strong, said hole being about one hundred and fifty feet by two hundred feet in dimensions and located about one hundred feet from Southport avenue. It was partially filled with water, which was frozen over. As the boys drew near the clay-hole the decedent started ahead of his brother on the run, and, without stopping, dashed down the incline to the ice about thirty-five feet below, jumped over an open space of water around the edge of the ice and ran or slid out toward the middle of the

hole or pond, when the ice gave way, and, the water being over his head, before help could reach him he was drowned. The decedent had resided in the vicinity of this clay-hole for a number of years, had been in the habit of fishing and swimming therein during the summer time and skating thereon during the winter, and had skated thereon two days prior to the accident. The brother of the decedent, who was the only one present at the time of the accident, testified: "The time my brother was drowned he was between thirteen and fourteen years old, attended school and had never worked. My brother swam in this hole. We could not touch the bottom when we were swimming. He used to go to swim in this hole with me or the other boys two or three times a week for a year or more. From the top of the bank it was about thirty-five feet down to the water. There was a hill sloping down. My brother was about twenty-five feet ahead of me. He was running fast. I did not see him go down the bank. The ice was broken around the bank. He had to jump over the water to get on the ice. My brother said to me that morning, 'Come; let's go and see if the ice is strong.' We went there for that purpose. We were outside, snow balling, and he said, 'Let's go and see if the ice is strong.' There was a lot of water on the ice,—about one-half inch or an inch, somewhere around an inch and sometimes two inches. The water extended from the shore about three or four feet. The ice was not broken,—it was just rotten. There was water on it and the water ran through the ice. It was broken around the shore. It was thin. Out in the middle it was two inches thick. When he got to the ice he slid out on the ice and then he went down."

If the decedent had been an adult, it is admitted no recovery could have been had under the circumstances of this case, as it is conceded the general rule is that the owner or occupant of land, as against trespassers, is not required to keep his premises in a safe condition, and

that if a person goes upon such premises to gratify his curiosity, or for pleasure, without invitation express or implied, he does so at his peril, and if injured while so doing he can only recover for the gross negligence or wanton conduct of the occupant or owner. It is, however, said a child between thirteen and fourteen years of age does not possess the same discretion and judgment as an adult, and that while the decedent may have been a technical trespasser, yet if the owner of said clay-hole left the same exposed and unguarded, and the decedent, by reason of his tender years and inexperience, was attracted thereto for the purpose of skating thereon, a recovery may be had if he exercised such reasonable care as one of his age and capability might be expected to exercise under the circumstances, and that whether he exercised such care is a question to be determined by the jury under the particular circumstances of the case, and not a question of law for the court.

If the evidence be conflicting as to the danger likely to be incurred, or as to the act or acts in the getting in the way or reach of the danger which produces the injury, or as to the age or capability of the child, the question of whether the person injured or killed was guilty of contributory negligence should be submitted to the jury; or if the circumstances of the case, when the facts are undisputed, together with all the natural inferences to be drawn therefrom, are such that ordinarily prudent men would be liable to differ in their views as to the negligence imputed, then the question of negligence should not be determined by the court, but should be left to the jury, under proper instructions; but if the court can say that but one reasonable inference can be drawn from such facts, then the question becomes one of law. In this case there is no conflict of evidence, as the defendant introduced no evidence. The boy was between thirteen and fourteen years of age. He was in school, and must be presumed to have been of ordinary intelligence

for one of his age. He had lived for some time in the vicinity of the clay-hole, had fished and swam therein during the summer and skated thereon during the winter. On the morning of the injury he went to such clay-hole for the purpose of testing the strength of the ice. His remark to his brother, "Come; let's go and see if the ice is strong," shows he was well aware it would be dangerous to go upon the ice unless it was sufficiently strong to bear his weight. The ice was covered with water and broken at the edge. He jumped over the water onto the ice and slid out to a point on the ice where he knew the water was over his head. A boy between thirteen and fourteen years of age knows as well as a man that a pond like this one is not a safe place upon which to go when the ice is broken at the edge and covered with water, and if, with the knowledge of such danger, he carelessly and recklessly goes upon such pond and loses his life, his age cannot excuse him. Such conclusion is so plain and clear that all ordinarily prudent men must arrive thereat from a dispassionate consideration of the evidence in this case.

In American and English Encyclopedia of Law (vol. 7, 2d ed. p. 409,) it is said there can be no recovery if the injury came from a danger fully apprehended by the infant and of which he had assumed the risks, having the capacity to comprehend and avoid danger; and if a minor has reached years of discretion, and is fully capable of comprehending danger and using sufficient care to avoid it, he may be guilty of contributory negligence as a matter of law.

In *Chicago, Rock Island and Pacific Railway Co.* v. *Eininger,* 114 Ill. 79, which was an action for a personal injury claimed by the defendant to have been inflicted while the plaintiff was attempting wrongfully to climb upon a freight train, the court on page 83 say: "There was no evidence as to the age or capacity or discretion of the plaintiff introduced, more than that witnesses spoke of

him as a little boy. He was, however, present in court at the trial. It appeared that he was of such age and ability to care for himself as to be intrusted by his parents to attend school in a large city, at a considerable distance from home, and to go and return by himself. He was at the time on his return from school. There was nothing in the case tending to show that negligence was not imputable to the plaintiff by reason of his incapacity to exercise care, and such a question should not have been submitted, by instruction, to the jury. The same degree of care might not have been required from the plaintiff as from a person of mature years, but the idea that no negligence at all could be imputable to him was inadmissible."

In *Wabash Railroad Co.* v. *Jones*, 163 Ill. 167, a boy eight years and ten months old, while walking upon a railroad track, was run over and injured by a passenger train. It was averred in the declaration on account of his tender years the plaintiff was incapable of caring for his own safety. A judgment for the plaintiff was reversed. It was held the plaintiff was a trespasser, and that it was error to admit evidence that people living along the defendant's track at that place had been in the habit of using the track as a foot-path, as the place was one of danger, and that the plaintiff was there at his own risk. To the same effect is the case of *Illinois Central Railroad Co.* v. *O' Connor*, 189 Ill. 559, in which case the boy injured was fourteen years of age.

In *Ecliff* v. *Wabash, St. Louis and Pacific Railway Co.* 64 Mich. 196, a boy twelve years old, of ordinary intelligence, was killed while riding on a freight train, in front of an engine which was pulling the train tender foremost, by collision with another engine. There being no conflict in the testimony, the trial court held, as a matter of law, that the boy was guilty of contributory negligence and directed a verdict for the defendant, which judgment was affirmed by the Supreme Court.

In *Masser* v. *Chicago, Rock Island and Pacific Railway Co.*
68 Iowa, 602, which was an action brought to recover
damages for the death of a boy eleven years of age, who
was killed by being run over by a train while playing
upon the railroad tracks of the defendant, the court on
page 605 say: "The deceased, then, was a trespasser,—
at least in the sense that he was upon another's premises
where he had no right to be,—and being a trespasser he
was guilty of contributory negligence, unless he was a
person of such tender years that he should be presumed
to have such lack of discretion as to relieve his act of
the character of negligence. The plaintiff contends that
he was of such tender years; that he should have been
so presumed, or at least that the jury would have been
justified in so finding. But we think otherwise. A boy
eleven years of age knows, as well as an adult does, what
a railroad is and the use to which it is put and the con-
sequence to a person who should be struck by a passing
train, and knows that he should not stop to play or lounge
amid a net-work of tracks. It is true that a boy of that
age cannot be presumed to have the judgment of an adult;
but it does not require much judgment to keep from walk-
ing in a dangerous place, the dangers of which are fully
understood. If the question was as to whether the de-
ceased was guilty of contributory negligence in the mere
act of stepping backward upon the defendant's track
when the Fort Dodge train passed, the case would be
different. The deceased evidently lost his presence of
mind somewhat, and he might not have been guilty of
negligence in what he did then, even though he did not
govern himself with the prudence which might reason-
ably have been expected of an adult. But his negligence
consisted in going, in the outset, and in remaining, where
he incurred the danger of losing his presence of mind.
We certainly cannot hold that a boy eleven years old is
exercising reasonable prudence in making such a place
as that to which the deceased and his companion went,

a play-ground or lounging place, nor that a jury would be justified in so finding."

In *Nagle* v. *Allegheny Valley Railroad Co.* 88 Pa. St. 35, (32 Am. Rep. 413,) which was an action to recover for the death of a boy fourteen years of age, the plaintiff was non-suited, and the court held that it would be presumed the decedent had sufficient mental capacity to recognize and avoid danger unless there was proof to the contrary.

In *Twist* v. *Winona, etc. Railroad Co.* 39 Minn. 164, (12 Am. St. Rep. 626,) which was an action to recover for a personal injury to a boy ten and a half years old, of average intelligence, who had frequently been in the vicinity of a railroad turn-table, a recovery having been had, the cause was reversed and remanded, with directions to enter judgment for the defendant. On page 628 the court say: "The law very properly holds that a child of such tender years as to be incapable of exercising judgment and discretion cannot be charged with contributory negligence. But this principle cannot be applied, as a rule of law, to all children, without regard to their age or mental capacity. Children may be liable for their torts or punished for their crimes, and they may be guilty of negligence as well as adults. The law very humanely does not require the same degree of care on the part of a child as of a person of mature years; but he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity, and the want of that degree of care is negligence. The fact that he may not have the mature judgment of an adult will not excuse a child from exercising the degree of judgment and discretion which he possesses."

The appellee relies upon the cases of *City of Pekin* v. *McMahon*, 154 Ill. 141, and *Siddall* v. *Jansen*, 168 id. 43. In the *McMahon case* the boy who lost his life was eight years old and the pool of water in which he was drowned was located immediately adjoining one of the public streets of the city of Pekin, and the city, prior to the

accident, had been notified of the dangerous character of the place where the accident occurred but had neglected to remedy the same. In the *Siddall case* the child that was injured was but five years old. He was taken by the father, who was in the employ of the defendants, to their place of business, where he was at work. In the temporary absence of the father the child was attracted to an elevator shaft, the door of which was unfastened, and was severely bruised and mangled by the descending cage, near which it was not infrequent that children of other employees and of customers were seen, and there was an ordinance in force in the city of Chicago relative to elevators of the character of the one which injured the plaintiff, requiring catches or fastenings upon the doors thereof, so that they might be opened only from the inside, which had not been complied with by the defendants. The children in these cases, by reason of their tender years, were not conscious trespassers, and the dangers to which they were attracted were located, the one immediately adjoining a public street and the other in a store building, near which children might lawfully go, and in the first case the city had been notified of the danger and had neglected to remove the same; while in the case at bar the boy who lost his life was between thirteen and fourteen years of age and was fully conscious of the dangerous character of the place where he lost his life, to which place he voluntarily went several blocks from his home and at least one hundred feet across private property. The cases relied upon were decided correctly upon the facts then before the court, but they do not control the case at bar.

We are of the opinion the motion of the defendant to withdraw the evidence from the jury and to instruct them to find for the defendant should have been allowed. The judgments, therefore, of the Appellate and superior courts will be reversed. *Judgment reversed.*