TOLER v. HAWKINS.

No. 29473.    Sept. 17, 1940.

Rehearing Denied Oct. 8, 1940.

*105 P. 2d 1041.*

N. A. Gibson and Wilbur J. Holleman, both of Tulsa, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

CORN, J. The defendant in error, Lillian Hawkins, plaintiff below, recovered a verdict and judgment against the plaintiff in error, George G. Toler, defendant below, in an action for damages for personal injuries, from which judgment the defendant appealed. For convenience the parties will be referred to herein as designated in the trial court.

The defendant, a contractor, was constructing an overpass on the public highway over and across railroad tracks just north of the town of Mounds and a strip of paving about four-tenths of a mile approaching same. As a part of his contract he was to break up the old concrete slab on this section of the highway and remove the same preparatory to the construction of new paving. Under the direction of the Highway Commission the work was accomplished in such manner as not to require the closing of the road to traffic. This was done by clearing one side of the road at a time while the other side was left open to travel. The Highway Commission placed a flagman at each end of the stretch under construction to regulate the traffic so as to permit only one-way travel at a time over that part of the road left open. The plaintiff and her son were passengers in a one-seated car driven by her husband, and, as they approached, the flagman halted the car and warned the driver that the road was under construction ahead. In breaking up the old paving a large segment or chunk of pavement was removed from the side left open to travel, thereby leaving an open hole, and the wheels of vehicles passing over the breach pounded the hole deeper and deeper until it became impassable and hazardous to travel. The car in which the plaintiff was riding proceeded over this portion of the road, and while traveling at a speed of about ten miles per hour, one of the front wheels of the car dropped into the hole, bringing the vehicle to an abrupt stop and throwing the plaintiff against the cowl of the car and causing the injuries complained of.

The defendant contends that, since the contract imposed upon him no duty to maintain a detour, and the Highway Department kept the road open to travel and placed guards at both ends of the broken pavement to warn the traveling public of the danger, he was under no legal duty to maintain that part of the road in a safe condition, and complains of an instruction of the court which assumes that such duty rested upon him.

It is true that the circumstances in this case present an unusual situation, but the fact remains that the road was

kept open to travel after the pavement was broken and the traveling public was directed over it regardless of its uneven and rough condition, and the defendant or his agents and employees knew that it was being used for travel, and the rule requiring ordinary care on the part of the contractor, under the circumstances, applies to the situation here presented. It was a part of the work of the contractor to break up the pavement, which created a condition that made travel at the ordinary rate of speed unsafe and perhaps dangerous. This condition was recognized by the Highway Department and guards were placed at the approaches to flag down and stop vehicles and to inform drivers of the rough condition of the road ahead. With this duty performed by the State Highway Department, there still remained the duty on the part of the contractor to maintain the road in such condition as to make travel safe at the slow rate of speed at which travelers were required to travel over this road, and to prevent any unusual conditions, such as the hole in the roadway which caused the accident resulting in plaintiff's injuries. It is clear from the evidence that the car in which the plaintiff was traveling was being driven at a reasonable and cautious rate of speed under the ordinary conditions of the roadway, and that the accident would not have happened but for the unusual and hazardous condition which the defendant negligently permitted to develop in the roadway and to remain unrepaired until after the accident occurred.

The general rule is laid down in 13 R.C.L. p. 336, sec. 276, as follows:

"Liability of Contractor. — One who contracts to do work in a highway is bound to act reasonably and with due regard for the rights of persons lawfully using the way, and is liable for injuries resulting from his negligence in the performance of the work. * * *"

The rule was applied by this court in the case of Cleveland Trinidad Paving Co. v. Mitchell, 42 Okla. 49, 140 P. 416, as set out in the fourth paragraph of the syllabus, as follows:

"It is the duty of a construction company making street improvements under contract, when in the course of such improvement it creates a defect in the sidewalk so as to render the same unsafe for ordinary travel and use, to immediately repair such defect and to place such sidewalk in a reasonably safe condition for ordinary use and travel, and a failure to discharge this duty constitutes actionable negligence, on account of which any one injured thereby may maintain, an action against it for damages."

In the case of Kehm v. Dilts (Iowa) 270 N. W. 388, in the third paragraph of the syllabus, we find the following:

"Liability of county culvert contractor to third persons injured because highway was left in dangerous condition without guard rests not upon breach of contract but upon tort."

In the case of Solberg v. Schlosser (N. D.) 127 N. W. 91, 30 L.R.A. (N. S.) 1111, involving the question of contributory negligence under conditions somewhat similar to the case at bar, the court said in the first, second, and seventh paragraphs of the syllabus respectively:

"It is not negligence, as a matter of law, for a person to drive upon a dangerous or defective highway, knowing it to be such, unless the dangerous or defective condition is such that a person of ordinary prudence would not attempt to drive over it.

"Knowledge of the dangerous condition of a highway, however, imposes a duty upon a traveler to exercise such care as the circumstances demand. * * *

"Any person who wrongfully renders a public highway dangerous for travel by placing obstructions thereon must respond in damages to anyone injured in consequence of such obstruction."

In the body of the opinion the court said, discussing Styles v. F. R. Long Co., 70 N. J. L. 301, 57 Atl. 448:

"* * * In this case, although there existed a contract between the drainage board and the defendant, still the liability as pleaded does not depend on the contract, but arises out of a legal duty devolving upon the defendant, as well as the public in general, not to obstruct or

make the highway dangerous for travel. Such a duty being to the public generally may be enforced by anyone if damages occur on account of the failure to perform that duty. * * *"

We think that the instruction complained of properly submitted the question of negligence and of contributory negligence raised in the pleadings, and that the evidence was sufficient to require their submission to the jury.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.