SHERMAN WHITE AND COMPANY

*v.*

A. B. LONG, SR., A. B. LONG, JR., Individually and as Partners, D/B/A A. B. LONG CONSTRUCTION COMPANY and A. B. LONG CONSTRUCTION COMPANY.

PHILLIP E. PALMER

*v.*

A. B. LONG, SR., A. B. LONG, JR., Individually and as Partners, D/B/A A. B. LONG CONSTRUCTION COMPANY and A. B. LONG CONSTRUCTION COMPANY.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

ERMA G. GREENWOOD, S. F. DYE and KRAMER, DYE, MC-NABB & GREENWOOD, Knoxville, for plaintiffs in error.

DONALDSON, MONTGOMERY & KENNERLY, Knoxville, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

These two suits arise out of the same accident and present questions of law and fact which can be dealt with in one opinion of the Court. The trial judge sustained separate demurrers to each of the plaintiffs' declarations.

A. B. Long Construction Company, and A. B. Long, Sr., and A. B. Long, Jr., a partnership, held a contract with the State of Tennessee to relocate and/or rebuild a section of State highway between LaFollette, Tennessee, and the Kentucky State line. In the course of performing its contractual obligations its employees set off a dynamite blast on or near said highway on March 16, 1956, which resulted in temporarily closing the highway. While the highway was thus closed vehicular traffic upon it was delayed so that automobiles were backed up for

a distance of approximately two miles from the point where the blast was set off. While this long line of automobiles was standing and waiting for travel to be resumed, one Phillip E. Palmer, an employee of Sherman White and Company, approached the rear end of the aforementioned line of automobiles and ran into a car that was owned and occupied by Madalyne Forbes Thomas. This latter car crashed into a car immediately in front of her. This second car was owned and occupied by John F. Thompson. The Thompson car was also occupied by R. W. Thompson and wife, Emogene Thompson, and daughter, Evelyn, and Mary Thompson, wife of John F. Thompson.

As a result of the collisions between the cars as herein mentioned and described Madalyne Forbes Thomas was painfully and permanently injured. On February 25, 1957, she and her husband brought suit in the United States District Court for damages in the amount of $50,000. Following the introduction of some evidence the cases were compromised with the plaintiffs and the defendants' insurance carrier. It was a settlement "for themselves and for the use and benefit of Motorists Insurance Corporation might have against Sherman White and Company, Phillip E. Palmer and all other persons arising out of said accident of March 16, 1956." The total amount paid pursuant to this settlement was $12,-500 paid to Madalyne Thomas and Stanley Thomas, her husband; $681.16 paid to the Thompsons; and $1,692.19 as expenses incurred by Sherman White and Company for court costs, attorney's fees, etc., making in all $14,-873.35.

Sherman White and Company and Phillip E. Palmer, as plaintiffs in the two cases now before us, brought suit in the Circuit Court of Knox County against the Longs, individually, and as a partnership, seeking a recovery for the total amount paid out as a result of the compromise settlement in the United States District Court. It is an action for restitution and is based upon the foregoing statement of facts.

The acts of negligence complained of in the declarations are (1) Long Construction Company and A. B. Long, Sr., and Jr., "created a dangerous and hazardous condition by completely blocking the highway and leaving said highway blocked for a long period of time without erecting any signs to advise motorists of the dangerous and hazardous condition or that such a condition might be expected, or without posting flagmen at the end of the stopped line of traffic to warn approaching motorists" and that said negligence was the proximate cause of Madalyne Forbes Thomas and her husband's injuries and such damages as were sustained by John W. Thompson and persons riding in his automobile.

The declarations further charge "That the plaintiff herein was at most chargeable with passive negligence in that its employee (Phillip E. Palmer) merely failed to detect the dangerous condition created by the defendants".

The second count adopts the facts, above set out, and charges the defendants with the violation of Title 39, Section 2303, T.C.A., which makes it a misdemeanor for any person to "obstruct the public highways"; that such negligence was the proximate cause of the accident and injuries as aforesaid.

With regard to the settlement as mentioned above the declaration charges that "said settlement was reasonable and proper and resulted in a substantial saving of money", and that the plaintiff "was thus forced to expend (the sum of money sued for) as a direct and proximate result" of the accident.

The third and fourth counts are similar in form and substance to counts one and two and need not be considered specifically and separately in deciding the questions here involved.

The Palmer declaration is in substance the same as in the Sherman White declaration except it charges that by reason of the obstruction he could not avoid the accident by the exercise of reasonable care. He topped a rise in the highway immediately before the accident and that the Thomas car was so close to him he could not bring his car to a stop before striking it.

The defendants filed demurrers to both declarations, which are as follows:

"1. The defendants demur to each count of the plaintiffs declaration separately and to the declaration as a whole because the declaration does not contain any averments that the defendants or any of them have been guilty of any negligent acts or any breach of duty owed by them to the plaintiff, which acts or breach of duty contributed proximately to causing the injuries and damages made the basis of the plaintiff's declaration.

"2. The defendants demur to each count of the plaintiff's declaration separately and to the declaration as a whole because the declaration discloses the

fact that the plaintiff was guilty of contributory negligence which proximately caused or proximately concurred in causing the injuries and damages made the basis of the plaintiff's declaration.

"3. The defendants demur to Count Two and Count Four of the plaintiff's declaration because the declaration shows that any closing or blocking of the highway in question by the defendants was done pursuant to a contract between these defendants and the State to relocate and rebuild the highway in question, so that any such acts are not violations of the Statutes of the State of Tennessee and particularly Sections 39-2303 and 39-2304 of the Tennessee Code Annotated, as alleged in the plaintiff's declarations."

The trial judge sustained the demurrer, resulting in an appeal to this Court.

The assignments of error, one, two and three, assail the holding of the trial judge (1) that the obstruction in the highway was not a breach of legal duty which contributed proximately to causing the injuries and damages; (2) that the facts alleged do not show that the plaintiffs were guilty of contributory negligence as a matter of law; and (3) sustaining Ground (3) of the defendants' demurrer, relating to the duty of highway contractors to comply with Sections 39-2303 and 39-2304, T.C.A.

While the counsel for both the appellants and the appellees have argued the questions at length, and cited numerous authorities in support of their respective contentions (all of which have been helpful to the Court),

we think the determinative issues are (1) were the defendants, Longs and Long Construction Company, guilty of active and proximate negligence in obstructing the highway as alleged in the declaration; and (2) was the employee of the plaintiff, Sherman White & Company (Phillip E. Palmer) guilty of active proximate negligence in running into the rear of the Thomas car.

At the outset we take notice of the fact that these suits are not between joint tortfeasors as such. The plaintiffs are seeking to enforce their rights against the defendants because the defendants are guilty of proximate negligence as to them. The suits seek restitution in full for moneys expended as herein pointed out.

The learned trial judge, upon considering the facts which the declarations admit to be true, held as follows:

"The logical conclusion from the facts assumed here to be true is that the defendant highway contractors Long only furnished or provided the premises where the accident occurred and at most were guilty of *remote negligence only. In no event could any of their acts amount to any greater than passive negligence. On the other hand plaintiff Palmer is shown to have been driving his vehicle on a highway where active diligence would be expected of drivers.* By his manner of driving, whether it was the result of a failure to maintain a proper lookout ahead, a proper speed or an adequate control, Palmer was unable to discover the vehicle standing in the highway ahead of him and avert a collision with it. That conduct was proximate and was the proximate cause of the plaintiffs injuries and plaintiffs, not the defendants, were guilty of the active negligence." (Emphasis supplied.)

We fail to see how the foregoing conclusion of the trial judge can be seriously controverted.

The suit in the United States District Court, wherein Sherman White and Company (plaintiffs here) were sued by Madalyne Thomas and others, was based upon the negligence of its employee, Phillip E. Palmer. Sherman White, and its insurance carrier, settled the claim against them, thereby impliedly conceding that Palmer was to blame for the accident.

We readily concede that one who is under contract with the State to repair and rebuild public roads may be liable in damages for proximate negligence in obstructing a highway to the extent that it is a hazard to the traveling public.

The road obstruction, caused by the contractor's blasting operation, created an unforeseeable condition, such as appears in the plaintiffs' declarations. We think it does not come within the prohibitions of Sections 39-2303 and 39-2304, T.C.A. It is an absolute necessity that public highways be repaired and at times rebuilt, and there will be temporary obstructions as a result of this work. But liability will not, and cannot, attach to any and all obstructions by a road builder. It must be such as a contractor might reasonably foresee, that an obstruction in a highway will likely result in a hazard to the traveling public. The cases cited by counsel where the contractor left an open ditch across a public road, or where an automobile went over an embankment at a dead-end intersection, the same being unguarded by warning signs, as in *Trigg v. H. K. Ferguson Co.,* 30 Tenn. App. 672, 209 S.W.2d 525 are not applicable to the facts of the instant case.

■ The fact that the Department of Highways determines the location and height of a fill, and it is so constructed by the contractor, it is held *"but this did not relieve defendant of the duty to adopt reasonable safeguards to protect the traveling public from injury which might be reasonably apprehended* from the presence of the obstruction thus created in the highway." *Finchem v. Oman,* 18 Tenn.App. 40, 72 S.W.2d 564, 567. The italicized language clearly states the rule as to the contractor's duty, that is, he must safeguard an obstruction when, by the exercise of due care, he should reasonably foresee or apprehend that it may endanger the traveling public.

The cases cited by appellant of *Foster & Creighton Co. v. Hale,* 32 Tenn.App. 208, 222 S.W.2d 222, and *Wesco Paving Co. v. Nash,* 35 Tenn.App. 409, 245 S.W.2d 782, and other decisions fully support the foregoing proposition as to when a contractor is under a legal duty to safeguard a supposed obstruction.

The case of *Newberry v. Hamblen County,* 157 Tenn. 491, 9 S.W.2d 700, 701, is not in point. It is a condemnation case. It is there held: "But if the injury is not such a necessary incident, but is the result of negligence of the contractor, then the damages are chargeable to him." It is not applicable for the further reason that the injury to Thomas and his wife, Madalyne, was not a necessary incident to the blasting operation.

■■ In the instant case no one was injured by the blasting. A string of automobiles, two miles long, had stopped because of the excessive blast. All were safe from harm. It seems to us inconceivable that the contractor, or any reasonable person, should foresee that the

last car in the line should be damaged by a negligent motorist who suddenly appeared upon the scene and crashed into the last car in the line.

No authority is cited by the appellant that it was the duty of the defendant to station a flagman two miles from the scene of the blast, to warn motorists regarding a supposed danger from the blast. In fact, there was no danger from the blast, or the obstruction which it allegedly created. If there was any negligence on the part of the contractor it was remote in causative effect, and was not actionable.

Finally we hold that the negligence of Palmer, the plaintiff's employee, constituted active negligence, as held by the trial court. Under no circumstances can the defendant contractors be charged with active negligence for the reasons stated in the foregoing opinion.

The assignments of error are overruled, and the judgment of the trial court is affirmed.