148 So.2d 439 (1963)
Theresa Ducote POTTER
v.
BOARD OF COMMISSIONERS of the PORT OF NEW ORLEANS.
No. 821.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1963.
Price & Francipane, Chester Francipane, Metairie, for plaintiff-appellant.
Cyrus C. Guidry, New Orleans, for defendant-appellee.
Before REGAN, SAMUEL and TURNER, JJ.
SAMUEL, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action and dismissing plaintiff's suit for personal injuries resulting from an automobile accident which occurred in the City of New Orleans. For the purpose of deciding the exception the well pleaded allegations of fact contained in the petition are taken as true.
*440 The petition alleges: During the night of December 24, 1960, petitioner had driven a passenger (in argument before this court both litigants admitted he was a seaman) to his ship in the wharf area under the defendant's jurisdiction. She had traveled on the wharf road for a considerable distance, entered the wharf passageway, and driven to the point where the ship was docked. She then returned over the same route to the wharf road and to her point of entrance at Napoleon Avenue. As she turned to get back on Napoleon Avenue a front wheel of her vehicle slipped off the side of the wharf road, which was paved and approximately thirty feet in width, and the automobile fell to the railroad right-of-way adjacent to the road, a distance of about six feet, causing crushing injuries to her hand. There were no barricades, signs or markings on the roadway itself to indicate that it ends sharply with the six foot drop; there were no signs or caution notices regarding the use of the roadway; and there was no guard preventing its use at night. It was raining when she emerged from the wharf area to the wharf road. The point where the accident occurred was very poorly lighted and, due to the wet condition of the surface of the road and the rain, it was "difficult to see the point where the roadway dropped off"; the little light which did exist cast shadows which made visibility almost impossible.
Plaintiff contends that she was an invitee; that defendant therefore was under the obligation of providing her with reasonably safe premises; and that an elevated roadway with a drop-off of approximately six feet without side markings, rails or other warnings, together with the poor lighting at the point where the accident occurred, failed to satisfy defendant's obligation of providing her with a reasonably safe roadway to traverse.
A license is distinguished from an invitation in that the licensee is on the premises by permission or sufferance only and not by reason of any business or contractual relation with the owner inuring to the mutual benefit of both, or by virtue of any enticement, allurement, or inducement to enter held out to him by the owner; a licensee is one whose presence on the premises is merely for his own interest, purposes, benefit, convenience or pleasure, or on business with others than the owners of the premises. Alexander v. General Accident Fire & Life Assur. Corp., La.App., 98 So.2d 730; Mercer v. Tremont & G. Ry. Co., La.App., 19 So.2d 270; Mills v. Heidingsfield, La.App., 192 So. 786; Vargas v. Blue Seal Bottling Works, 12 La.App. 652, 126 So. 707; 65 C.J.S. verbo "Negligence" § 32.
The defendant Board of Commissioners of the Port of New Orleans has authority to regulate the commerce and traffic of the port and harbor of New Orleans in such manner as may, in its judgment, be best for the maintenance and development thereof; it has charge of and administers the public wharves, docks, sheds and landings of the port. LSA-Const. Art. 6, § 16; LSA-R.S. 34:21-44.
The petition does not allege that plaintiff's presence on the wharf had anything to do with the defendant's activities in regulating the commerce and traffic of the port or in administering the wharf and wharf road here involved. Nor does the fact that she was transporting a seaman to his ship docked at the wharf change her status. While the seaman himself ordinarily would be considered an invitee of the defendant, plaintiff's business was with him and not with the defendant. There was no mutuality of interest between the litigants. There was no invitation, express or otherwise, to the plaintiff to be on the premises; at best she merely had the permissive use thereof. She was only a licensee.
As a licensee plaintiff took the premises as she found them. Defendant owed her only the duty of refraining from wilfully or wantonly injuring her and of warning her of latent dangers of the premises actually known to the defendant and *441 which she could not be expected to discover herself. Veal v. Employers Liability Assurance Corporation, La.App., 108 So.2d 242; James v. Thompson, La.App., 35 So.2d 146; Vargas v. Blue Seal Bottling Works, supra; see Alexander v. General Accident Fire & L. Assur. Corp., supra.
Here the danger, the unguarded and unmarked drop-off from the elevated roadway, was not latent and was discoverable. The dangers attendant in the customary design of wharf terminals should have been observed by the plaintiff, in the exercise of reasonable care, while she was driving to the ship's berth during the nighttime. For the petition alleges that she had negotiated her way safely to the ship's berth and was returning over the same route when the accident happened. Plaintiff knew, or should have known, that the roadway was elevated above the ground and the railroad tracks which paralleled the wharf platform.
For the reasons assigned, the judgment appealed from is affirmed, all costs to be paid by the plaintiff.
Affirmed.