389 P.2d 597

**Mary Marie MARTINEZ, Administratrix of the Estate of Ernest P. Martinez, Jr., a minor, Deceased, Plaintiff-Appellee,**

v.

**C. R. DAVIS CONTRACTING COMPANY, Incorporated, a corporation, Defendant-Appellant.**

**No. 7286.**

Supreme Court of New Mexico.

Jan. 13, 1964.

Rehearing Denied March 9, 1964.

Keleher & McLeod, John B. Tittmann, Albuquerque, for appellant.

Smith, Kiker & Ransom, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is a tort action for the wrongful death of the plaintiff's intestate, a child of the age of 14 years and 5 months, allegedly resulting from the defendant's negligence. Issue was joined, and various affirmative defenses were pleaded, among which was the defense of contributory negligence of the decedent. The cause was tried to a jury and from an adverse judgment on the verdict, the defendant has appealed.

The appellant presents its argument under these points, and we quote: (a) "The court erred in failing to direct a verdict for the defendant for the reason that plaintiff failed to make out a case of negligence against the defendant" and (b) "the court erred in failing to direct a verdict for the defendant, for the evidence showed contributory negligence on the part of the decedent as a matter of law."

As we understand appellant's points, they simply challenge the sufficiency of the evidence to sustain the verdict. A recital of the evidence rather extensively is essential in order to understand the points argued.

Appellant had entered into a contract with the City of Albuquerque by which appellant undertook to construct a sewer line for the

city, within the city. In the course of the construction it became necessary to excavate a manhole some 12 by 20 feet, in the 1400 block of John Street, Southeast, referred to as manhole "9". The crucial date is July 10, 1961, which was on a Monday. Previously it had been raining and the excavation had become partially filled with water, and on the latter date it had filled forming a pond to a depth of approximately 12 feet.

About 5:00 P.M. on July 10, Ernest P. Martinez, Jr., the decedent, and another boy entered the excavation. On the surface of the pond there was floating an object which appeared to be a raft. Later it developed that the object was a cement form some 5 by 6 feet consisting of boards nailed together. Both boys boarded this contraption and, while attempting to cross the pond, the boards tipped and young Martinez either jumped or fell off and was drowned.

■ The initial question is whether appellant, in permitting the excavation to go unguarded and in failing to warn the decedent of the existing danger, exercised due care for his safety. The jury concluded that he did not, and we think the evidence amply supports its verdict. In the area there were 6 other similar excavations containing water. Barricades had been placed generally around the area, but not around the individual manhole excavations. Admittedly, the president of appellant company knew that the area in question was densely populated with children and that during the months of April, May and June, and the early days of July, the company had difficulty with children playing around the excavations. He testified that none of the excavations were closer together than 200 feet and that only one watchman was on duty to guard the excavations, the equipment, and the project generally. He also testified that this watchman was on duty only from 4:00 p. m. to midnight. Appellant's foreman testified that it was impossible for one watchman to guard all the excavations against the children of the area. And there is evidence that it had rained on Friday, July 7, and children were seen that day playing in the excavation in which the decedent was drowned. Thus, we think the jury was warranted in finding that appellant was negligent in failing to exercise due care for the safety of the decedent.

Appellant relies upon our own case, Mellas v. Lowdermilk, 58 N.M. 363, 271 P.2d 399. The case is distinguishable on the facts. In that case the evidence affirmatively established that Lowdermilk was free of negligence in maintaining the pond in which young Mellas was drowned.

The point is made that the decedent was negligent as a matter of law and that his negligence contributed as a proximate cause of the drowning. Appellant again relies on Mellas v. Lowdermilk, supra. We repeat, the case is distinguishable on the facts.

However, in addition we would point out that insofar as the dicta in that case states a rule of due care of a minor differently from what is here held, the same is not controlling.

■ The question posed by the evidence is, can reasonable minds differ as to whether the child because of his youth discovered the condition or realized the risk involved in intermeddling in it or in coming within the area made dangerous by it? If reasonable minds can differ the case should be affirmed. If not, it should be reversed. In the instant case we think reasonable minds can well differ. As to what is negligence on the part of a child 14 years of age see Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; Selby v. Tolbert, 56 N.M. 718, 249 P.2d 498; Jacobs v. H. J. Koehler Sporting Goods Co., 208 N.Y. 416, 102 N.E. 519, L.R.A.1917F 7 and the note in 1917F 10, 22 (note 33), and 109. Also see 107 A.L.R. 4, and 174 A.L.R. 1081. See also Article "Trespassing Children" by Dean Prosser, 47 Cal.L.R., pages 461, 462. We see no reason for a different rule where ponds or lakes are involved than where other known dangerous instrumentalities cause the injury. We conclude that the question of the minor's negligence presents an issue of fact, which issue was presented to the jury under proper instructions. Appellant had the burden of establishing affirmatively the defense of contributory negligence, and we may say there is evidence from which the jury could have so found, but the jury having found otherwise, its verdict should not be disturbed.

■ The argument is made that the decedent's age, experience, and intellectual background varies the standard by which the conduct of the decedent should be measured. We are not impressed with this argument. The correct test by which the conduct of a child is to be measured in determining contributory negligence is whether the child exercised that degree of care ordinarily exercised by children of like age, capacity, discretion, knowledge and experience under the same or similar circumstances for his own protection. The court so instructed the jury.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and MOISE JJ., concur.

CARMODY and NOBLE, JJ., dissenting.

NOBLE, Justice (dissenting).

I am unable to agree that the evidence substantially supports a finding of breach of a legal duty owing by defendant contractor to decedent.

It must be noted at the outset that in New Mexico it is established that the

attractive nuisance doctrine will not be extended to include ponds, pools and other natural or artificial bodies of water, ditches or canals. Mellas v. Lowdermilk, 58 N.M. 363, 271 P.2d 399. The majority point to the fact that decedent and his companion boarded what appeared to be a raft, but was actually a cement form, floating on the water of the excavation, from which decedent either fell or jumped into the water and was drowned. The fact that a raft or other object floats on a body of water does not change the general rule except where the float conceals an otherwise apparent risk, which we do not have in the present case. Lockridge v. Standard Oil Co., 124 Ind.App. 257, 114 N.E.2d 807; Rallo v. Heman Const. Co., 291 Mo. 221, 236 S.W. 632; Bass v. Quinn-Robbins Co., 70 Idaho 308, 216 P.2d 944; 36 A.L.R. 224–237.

The facts pointed to as supporting a finding of negligence by the contractor are: (1) knowledge that children played around the excavations; (2) that only a single watchman was employed from four o'clock p. m. to midnight to guard the excavations, the equipment, and the project generally; (3) that all the excavations could not be guarded against the children of the area by a single watchman; and (4) that children had been seen playing in the excavation in which decedent drowned. The facts pointed to are such as might support a finding of negligence in the case of an attractive nuisance, but in my view do not substantially support a finding of breach of a legal duty owing by the contractor to decedent.

An independent contractor in charge of a road or street under repair is charged with the duty of making adequate provision for the safety of the traveling public, but is not held to an insurer's liability: Commonwealth v. Young, (Ky.), 354 S.W.2d 23, 24; Foster & Creighton Co. v. Hale, 32 Tenn. App. 208, 222 S.W.2d 222, and his liability can only be predicated upon the breach of a legal duty owed to the public. To recover against a highway contractor, the plaintiff must establish both a failure to exercise proper care in the performance of some legal duty owed by the contractor and that such negligent breach of duty was the proximate cause of the damage. Larsen v. Arizona Brewing Co., 84 Ariz. 191, 325 P.2d 829. Accordingly, a contractor may be liable for failure to guard or otherwise give warning of dangerous places in a road or street under repair whenever necessary for the reasonable protection of *travelers,* but not otherwise. Whipple v. State, 282 App. Div. 557, 125 N.Y.S.2d 52.

A person must be on the highway for some legitimate purpose connected with travel thereon to be entitled to recover. Hay v. Hill, 137 Conn. 285, 76 A.2d 924; Hewison v. City of New Haven, 34 Conn. 136, 142, 91 Am.Dec. 718; Toler v. Hawkins, 188 Okl. 58, 105 P.2d 1041; Wedegartner v. Skoruppa (Tex.Civ.App.) 236

S.W.2d 216; Sherman White and Co. v. Long, 205 Tenn. 295, 326 S.W.2d 469.

It has been held that a child may recover when negligently injured while playing on a street, but it must nevertheless be established that his play was in connection with legitimate travel on the highway. The play or pastime indulged in upon the street must not be inconsistent with his being a traveler thereon. Reed v. City of Madison, 83 Wis. 171, 53 N.W. 547, 549.

Some states have statutes waiving the sovereign immunity and permitting recovery for negligence of the governmental agency in maintaining its streets or roads. Generally, these statutes only waive the governmental immunity but do not otherwise change the applicable rules. The rule is well stated in Beeson v. City of Los Angeles, 115 Cal.App. 122, 132, 300 P. 993, 997, (overruled on other grounds), where the court said:

"In all of the cases thus far decided the injured party was using the street in which he was injured, or the property which caused the injury, in the usual and ordinary manner in which it was contemplated that the street or property would be used. We are of the opinion that in passing and adopting section two of the act approved June 13, 1923, the Legislature intended to limit the liability of the city for damages resulting from defective streets, works, or property to damages suffered in the ordinary, usual and customary use thereof. * * *."

It is clear to me that the contractor had barricaded the entire portion of the street under repair with barricades sufficient to warn the traveling public of dangers caused by the construction. Obviously there is no requirement nor duty owed by a highway contractor, absent application of the attractive nuisance doctrine, to place signs to warn specifically of an obvious danger, or to have employee present to prevent children playing in such water-filled excavations. Whipple v. State, supra; Garrow v. State, 268 App.Div. 534, 52 N.Y.S.2d 155, aff'd 294 N.Y. 741, 61 N.E.2d 523. See, also, Potter v. Board of Commissioners of Port of New Orleans, La.App., 148 So.2d 439.

Mellas v. Lowdermilk, supra, clearly established the rule in this jurisdiction that absent proof to the contrary a legal presumption exists that a child of nine years of age *"had the capacity to comprehend and avoid* the danger he incurred in going upon the raft * * *." The presumption announced in Mellas shifted the burden of going forward with the evidence by establishing a prima facie case, and in the absence of evidence contracting the presumption, allows the party in favor of whom the presumption runs to establish his burden of proof as a matter of law, entitling him

to a directed verdict. McCormick on Evidence, (1954 Ed.) p. 650, § 311.

A review of the record fails to disclose any evidence regarding the "degree of care ordinarily exercised by children of like age, capacity, discretion, knowledge and experience under the same or similar circumstances (as decedent) for his own protection." Under such circumstances, the test announced by the majority by which the conduct of a child is to be measured is inapplicable even if we assume it to be a correct test in certain instances. Absent the necessary evidence, no issue as to whether the decedent acted as an ordinary child is presented to the jury.

Finding no evidence in the record to substantially support an implicit finding of a duty owed by the contractor to decedent, I dissent.

CARMODY, Justice (dissenting).

I must dissent from the majority opinion, principally because I am convinced that the deceased boy was contributorily negligent as a matter of law.

Certain facts do not appear in the majority opinion which, in my judgment, need be mentioned, in order to demonstrate the fallacy in the opinion of the court.

It should be observed that this is not an attractive nuisance case. The construction work had been proceeding for several months and the decedent had been warned by his parents not to go to the construction area "because it was dangerous." The testimony is uncontradicted that the manhole had been excavated for at least four weeks and was only fifty to seventy-five feet from the deceased's home. The hole had become filled with water, as a result of abnormally heavy rains which occurred over the preceding weekend. When the body was recovered, it was clothed in swimming trunks. The boy was of normal intelligence in every way, and there is nothing in the record to show otherwise.

With these additional facts in mind, the failure to find contributory negligence as a matter of law places sympathy above the settled law. The effect of today's decision is to practically make a contractor an insurer of the safety of children, no matter what deviltry the child becomes involved in, as long as that particular deviltry is the same type of thing exercised by children of a similar age, capacity, discretion, knowledge and experience, under similar circumstances. I pose the question: It is frequently claimed that most children are inclined to be reckless in the operation of automobiles; would this fact, if it is a fact, result in the conclusion that, no matter how reckless a child may be in operating an automobile, as long as other children do the same thing, he should not be found contributorily negligent? I do not believe this to be the law, and cannot conceive that the

majority intend to propound such a broad rule.

The majority refer to Mellas v. Lowdermilk, 1954, 58 N.M. 363, 271 P.2d 399, and distinguish that case on the contributory negligence phase by saying the statements made therein are dicta. Admittedly, the closing portion of the Mellas opinion held that the trial court was in error in failing to sustain a motion for a directed verdict because there was no evidence tending to show the defendants guilty of the wrongful acts charged. In the opinion, however, the court went to some lengths to examine the record and stated that the decedent in that case was guilty of contributory negligence as a matter of law. An examination of the briefs filed in Mellas discloses that the contributory negligence question was fully presented and argued to the court. A large portion of the opinion is devoted to the contributory negligence question, and, in the some nine years since the Mellas decision, in my judgment, the Bar has considered that the rule as to contributory negligence therein announced is the law of the State of New Mexico. It is the law that when more than one question is raised and argued, even though one point might have disposed of the entire case on the merits, the determination of the other question or questions is not dicta. United States v. Title Ins. Co., 1924, 265 U.S. 472, 44 S.Ct. 621, 68 L.Ed. 1110; Woodard v. Pacific Fruit & Produce Co., 1940, 165 Or. 250, 106 P.2d 1043; Stormo v. City of Dell Rapids, 1955, 75 S.D. 582, 70 N.W.2d 831. Mellas is direct authority, not dicta, that a legal presumption exists that a child of nine years of age had the capacity to comprehend and avoid the danger he incurred in that case. As was stated in Mellas, quoting from Restatement of the Law, § 339(e):

"* * * The purpose of the duty [of a possessor of land] is to protect children from dangers which they are unlikely to appreciate and not to protect them against harm resulting from their own immature recklessness in the case of known danger. * * *"

The majority merely say that Mellas is distinguishable. This is understandable, because unless some distinction can be found (which I do not believe exists), the Mellas case would have to be overruled because of its announced rule as to the legal presumption of capacity to comprehend and avoid the danger, i. e., drowning. I believe such a presumption exists and the defendants were entitled to its benefits in this case. A presumption operates to protect or shield a person in whose favor it is invoked until credible and substantial evidence to the contrary is introduced, and it thereupon vanishes. Hartford Fire Insurance Co. v. Horne, 1959, 65 N.M. 440, 338 P.2d 1067.

As stated, in the instant case there is not one word of testimony to the effect that the deceased, aged fourteen years and five months, did not have the capacity to comprehend and avoid the danger, and it therefore follows that he should have fully comprehended the danger and that he did not use care and self-control to avoid it. He was contributorily negligent as a matter of law.

The majority cite Selby v. Tolbert, 1952, 56 N.M. 718, 249 P.2d 498, and Thompson v. Anderman, 1955, 59 N.M. 400, 285 P.2d 507, as to what is negligence on the part of a child fourteen years of age. The Selby case was an attractive nuisance one and related to an eight-year-old boy. The Thompson case was a pedestrian-automobile-bus case, involving a thirteen-year-old child with the mentality of a ten-year-old. Neither case involved drowning and nothing in either is authority in support of what is negligence on the part of a fourteen-year-old.

The majority also cite the article in 47 California Law Review 427, which really has no application to our case, because it is a discussion by Dean Prosser as to the attractive nuisance doctrine and his suggestion as to how the Restatement of Torts relating to the doctrine might be revised. It is interesting to note, however, that the majority refer to pages 461–2 in the above article, but ignore completely the following paragraph on page 461:

"The one basic reason for a rule which distinguishes trespassing children from trespassing adults is the inability of the child to protect himself against the peril which he encounters. If that reason does not exist, it has been generally agreed that the whole policy of the special rule fails with it. *The courts have been very firm in their insistence that if the child is in fact fully aware of the condition, understands and appreciates the danger which it carries, and is quite able to avoid it, he stands in no better position than any adult with similar knowledge and understanding.* The question is not what the defendant may expect of him, but what he understands in fact." (Emphasis added.)

The majority, without reliance upon any authority, state, in effect, that they do not believe there is a different rule involved where ponds or lakes cause injury, as distinguished from other dangerous instrumentalities. There is an extensive annotation in 8 A.L.R.2d 1254, and it appears that, in a great majority of the jurisdictions, recovery for the drowning of a fourteen-year-old child (and in many cases much younger) is denied, unless there is some hidden inherent danger. The rule is even applied in the few jurisdictions which recognize the attractive nuisance doctrine in drowning cases. Court after court has refused to allow recovery on the basis that

it is a matter of common knowledge that the perils of water are instinctively known by children, even of a tender age. Melendez v. City of Los Angeles, 1937, 8 Cal.2d 741, 68 P.2d 971; Phipps v. Mitze, 1947, 116 Colo. 288, 180 P.2d 233; McCall v. McCallie, 1933, 48 Ga.App. 99, 171 S.E. 843; Heimann v. Kinnare, 1901, 190 Ill. 156, 60 N.E. 215, 52 L.R.A. 652; Plotzki v. Standard Oil Co. of Indiana, 1950, 228 Ind. 518, 92 N.E.2d 632; Harriman v. Incorporated Town of Afton, 1938, 225 Iowa 659, 281 N.W. 183; McKenna v. City of Shreveport, 1931, 16 La.App. 234, 133 So. 524; Van Alst v. Kansas City, 1945, 239 Mo.App. 346, 186 S.W.2d 762; City of Mangum v. Powell, 1946, 196 Okl. 306, 165 P.2d 136; Morris v. City of Britton, 1938, 66 S.D. 121, 279 N.W. 531; Massie v. Copeland, 1950, 149 Tex. 319, 233 S.W.2d 449; Washabaugh v. Northern Virginia Const. Co., 1948, 187 Va. 767, 48 S.E.2d 276; Brady v. Chicago & N. W. R. Co., 1954, 265 Wis. 618, 62 N.W.2d 415; contra, King v. Lennen, 1959, 53 Cal.2d 340, 348 P.2d 98 (involving a 1½-year-old child and disapproving Melendez v. City of Los Angeles, supra, insofar as applicable to children too young to appreciate the danger).

Finally, with reference to the statement made by the majority as to the correct test in determining contributory negligence, I cannot believe it is applicable to this case and, as stated, do not feel it is proper in any instance. Nevertheless, the above cited cases, each involving drowning, are but a few of those from the various jurisdictions in the United States which apply a rule contrary to that announced by the majority. Actually, it is very difficult to find cases holding the other way, and, although there are a few, the results therein reached are based upon some special factor which I am unable to find in this case. The fact that a concrete form was floating on the pond as it filled with rain water is hardly justification for the announced ruling. Neither should the fact that the pool was in the street have any bearing upon the question of contributory negligence. The boy went into the pond, clothed for swimming, with full knowledge and comprehension of the dangers involved; he had been warned by his parents; he was a normal, healthy boy of almost fourteen and a half years. It is beyond belief that such a boy, living within seventy-five feet of the pool, did not know the depth of the hole and the obvious dangers in voluntarily swimming therein.

I recognize that there probably should not be any fixed age at which a child is presumed capable of using the same judgment as an adult, Thompson v. Anderman, supra; but I am firmly of the opinion that the happening of the accident to this boy, over the age of fourteen, should not be sufficient to take the case to the jury, absent some showing on the part of the plaintiff which would rebut the presumption that the child

failed to comprehend and avoid the dangers involved under the circumstances.

I observe that Mr. Justice NOBLE also disagrees with the majority opinion, although on a different basis than I. While neither approving nor disapproving of Justice NOBLE'S analysis, in my judgment the contributory negligence of the deceased as a matter of law is determinative. Therefore, I dissent from the majority opinion.