LIBERTY MUTUAL INSURANCE COMPANY, Appellant,

*v.*

S. S. KRESGE COMPANY, Appellee.

459 S.W.2d 616

(*Nashville*, December Term, 1969.)

Opinion filed October 5, 1970.

Petition for Rehearing Denied November 16, 1970.

WILLIAM J. HARBISON, Nashville, for appellant; TRABUE, MINICK, STURDIVANT & HARBISON, of counsel, Nashville.

JAMES L. ROBERTS, Nashville, for appellee; PARKER, NICHOL & ROBERTS, of counsel, Nashville.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal from the Chancery Court of Davidson County, Tennessee.

In the course of this opinion the parties will be referred to as follows: appellant, Liberty Mutual Insurance Company, as complainant; and appellee, S. S. Kresge Company, as defendant.

Both the complainant and defendant in this cause are foreign corporations qualified to do business in Tennessee. The defendant operates a business in Davidson County under the name "K-Mart Discount Stores". The complainant is a liability insurance carrier with a place of business in Davidson County.

Complainant is the liability insurance carrier of one Lucien J. O'Brien. On November 17, 1968, John H. O'Brien, son of named insured, was driving the insured automobile in Davidson County, Tennessee, when he struck the rear of another automobile driven by William Frazier with his wife Dorothy Jean Frazier riding as passenger. Dorothy Frazier received personal injuries and William Frazier incurred property damage to his

automobile. A claim was filed against complainant's insured.

Prior to date of the accident complainant's insured had taken his automobile to defendant's place of business for brake repair. On November 6, 1968, defendant's employees installed new brake linings in the insured automobile. Thereafter, the brakes continued to give trouble. On two different occasions before the accident, John H. O'Brien took the insured automobile back to defendant's service center for additional work on the brakes. During one of these trips, defendant's service employees installed a new wheel cylinder on the insured automobile. The second occasion was on Saturday, November 16, 1968, and Mr. O'Brien was told then to bring the automobile back the following Monday, November 18, 1968. On Sunday, November 17, 1968, the brakes on the insured automobile failed, resulting in the above-mentioned accident between it and the Frazier automobile.

Subsequent to the accident and the usual follow-up investigation, complainant tendered defense of the claim to defendant, but this was declined. Thereafter, on April 16, 1969, complainant settled all claims of Mr. and Mrs. William Frazier against its insured and the defendant for the sum of $1,714.00, together with a complete release of all parties involved.

Complainant contends that the cause of the accident was the brake failure on the insured automobile; that the brake failure was the result of active negligence of defendant's service employees in attempting to repair the brakes; that after the accident, it was discovered that the brake linings had completely crystallized and were faulty, a fact recognized by defendant because,

following the accident, the defendant had replaced the brake linings in the insured automobile without cost; that if its insured was negligent at all, the negligence was only passive in that the insured failed to discover a defect created by the defendant's employees. Complainant relies upon *Cohen v. Noel* (1933), 165 Tenn. 600, 56 S.W.2d 744, and contends that as between the defendant and the insured, Lucien J. O'Brien, the defendant impliedly warranted that the work done would be in a good, reasonably safe, and workmanlike manner, and defendant has breached that warranty. *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.* (1956), 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

Finally, complainant avers that it

"is entitled to indemnification from the defendant for the amounts expended in the settlement of the claims against its insured both by reason of defendant's active negligence as against passive negligence by complainant's insured and also by implied contract of indemnification arising from defendant's contract to repair the brakes safely, properly and in a workmanlike manner."

In the alternative, complainant avers that it is entitled to receive contribution from defendant upon the ground that the defendant was at least a joint tortfeasor with complainant's insured and that complainant had paid more than its pro rata share in settlement of the claim.

The defendant contends that it was only passively negligent, if at all, and that complainant's insured was actively negligent in that the insured was driving an automobile knowing that the brakes were defective, because he had had trouble with them prior to the accident.

Therefore, defendant contends that it is not liable to complainant for indemnification.

Further, defendant contends that, even if it assumes a breach of contract, it cannot be held liable to complainant because complainant's insured had discovered the breach, "* * * but continued to operate the defective vehicle in spite of the known bad brakes." *Sherman White and Company v. Long* (1959), 205 Tenn. 295, 326 S.W.2d 469.

In the court below, defendant filed a demurrer to complainant's bill. The demurrer reads as follows:

"1. Complainant is not entitled to indemnity because the factual allegations of the bill clearly establish that Complainant's insured, through whom Complainant claims, was guilty of active negligence which was the proximate cause of the accident and the resulting loss for which Complainant claims indemnity.

2. Complainant is not entitled to contribution from the Defendant because the factual allegations of Complainant's bill fail to establish that Complainant's insured and the Defendant were joint tortfeasors in causing the loss in question.

3. Complainant is not entitled to contribution from the Defendant because the bill alleges that Complainant's insured was driving his automobile at, and before, the time of the accident in question with knowledge that the automobile had defective brakes and further alleges that said accident was caused by said defective brakes, thereby establishing that the negligence of the Complainant's insured in driving the automobile with knowledge that it had defective brakes was the proximate cause of the accident and the resulting loss.

And the defendant prays the judgment of the Court whether it shall be compelled to answer further, and prays to be dismissed."

Chancellor Alfred T. Adams found the demurrer to be good and sufficient, and dismissed complainant's bill.

After full consideration of the record and briefs in this case, coming to us as it does upon demurrer, we are of opinion that if the allegations of complainant's original bill be proved as alleged a case may be made within the rationale of *Cohen v. Noel,* supra, and subsequent cases.

The decree below is therefore reversed, and the cause remanded to the court below for further proceedings. The costs of the cause in this Court are assesed to the defendant, appellee; costs of the court below to abide ultimate disposition of the case there.

DYER, CHIEF JUSTICE, AND CHATTIN, HUMPHREYS AND McCANLESS, JUSTICES, concur.

## OPINION ON PETITION TO REHEAR

MR. JUSTICE CRESON.

In this cause, a petition to rehear has been filed and considered. Upon examination, it appears that such petition in nowise conforms to Rule 32 of this Court, and is therefore denied.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, concur.