504

ORLIN HENSON, Plaintiff in Error, and Defendant in
Error, v. JEROME C. POWERS and J. B. MICHAEL
& CO., INC., Defendants in Error and Plaintiffs in Error.
No. 10.—384 S.W.(2d) 452.

Western Section. February 26, 1964.

Certiorari Denied by Supreme Court November 30, 1964.

James M. Manire and John H. Harris, Jr., Memphis, for Orlin Henson.

Thomas R. Prewitt, Memphis, for Jerome C. Powers.

Longstreet Heiskell and William F. Kirsch, Jr., Memphis, for J. B. Michael & Co., Inc.,

· BEJACH, J. In this cause, as plaintiff in the lower court, Orlin Henson, recovered a jury verdict of $92,000 against Jerome C. Powers and J. B. Michael & Co., Inc., as defendants. On motions for a new trial made by both defendants, the trial judge suggested a remittitur of $27,500, which being accepted under protest, reduced the judgment against both said defendants to $64,500.

All three parties have appealed in error. The plaintiff, Orlin Henson seeks to obtain a restoration of the remittitur of $27,500, and the defendants, Jerome C. Powers and J. B. Michael & Co., Inc., seek a reversal of the judgment against them, or to obtain a further reduction of same. In this opinion, the parties will be designated, as in the lower court, plaintiff and defendants, or called by their respective names, J. B. Michael & Co., Inc. being sometimes referred to as Michael and Jerome C. Powers as Father Powers.

The suit in this cause resulted from an accident which occurred on October 2, 1961 at about 5:30 P.M. on U. S. Highway 64, about 1½ miles east of Somerville in Fayette County, Tennessee. At that time, J. B. Michael & Co., Inc., a general contractor, was engaged, under a contract with the Highway Department of the State of Tennessee, in widening Highway 64 from an 18 foot highway to a 24 foot highway (3 feet on each side), for a distance of about 6½ miles from Laconia, Tennessee, west to Somerville, Tennessee. This contract excluded four bridges (two of them called "double bridges"), and approaches thereto of 200 feet on each side of said bridges. The accident occurred at the approach to the first bridge east of Somerville, known as Bennett's Creek bridge, when defendant, Powers, a Roman Catholic priest, driving a Buick sedan automobile, ran off the wide pavement with the right wheels of his automobile at a point where the pavement narrowed from 24 feet to 18 feet, hit the soft shoulder, dropped into a hole at that point, ran back onto the old concrete pavement, crossed the center line of same, and collided on the south side of the pavement with an east bound pickup truck driven by plaintiff.

Plaintiff was severely injured in this collision and brought suit against both defendants.

The theory of plaintiff's case against Father Powers is that he was guilty of negligence which proximately caused or contributed to the plaintiff's injuries, in that he was not driving his car with proper care, did not keep a proper lookout ahead, did not have same under proper control, was driving at an excessive rate of speed under the circumstances, was driving on the wrong side of the highway, and that he violated the State statute which required him to drive on the righthand side of the highway, and to divide same with an oncoming vehicle. As to the defendant, J. B. Michael & Co., Inc., plaintiff's theory is that it was guilty of negligence which proximately caused or contributed to the accident and plaintiff's injuries, in that it maintained the roadway in a dangerous and unsafe condition, maintained no adequate and proper warning devices, and failed to maintain the widened area of the highway at the same level as the former or regular roadway.

Each of the defendants contends that the negligence of the other was solely and alone responsible for the accident and for plaintiff's injuries.

It is the theory of Father Powers that the negligence of defendant, J. B. Michael & Co., Inc., caused his automobile to drop off into a hole about a foot to a foot and one-half deep at the end of the widened portion of the highway, which caused him to lose control of his automobile, and resulted in the collision with and injuries to plaintiff. On the other hand, it is the theory of J. B. Michael & Co., Inc. that the negligence of Father Powers alone caused the accident, and that since the accident oc-

curred about 150 feet beyond that portion of the highway included in its contract with the State, it cannot be held liable.

As a result of the collision, plaintiff sustained severe injuries consisting of a broken nose, a crushed right knee, severe lacerations of the left knee, laceration of the patella tendon, laceration of the thumb tendon, and a severe compound fracture and crushing of the right leg in the vicinity of the ankle. Plaintiff's right leg and ankle became infected and drained profusely for months. Plaintiff underwent fourteen or fifteen operations, including skin grafts affecting the area of his right ankle. After eight months of exposure, the infected open part of plaintiff's right leg was finally closed; but up to the time of the trial, his ankle had failed to fuse. According to medical testimony, he has sustained a 40 to 50% disability of his right leg.

In this court, as plaintiffs in error, each of the three parties to this suit have filed assignments of error. We will dispose of them separately.

Plaintiff has made only one Assignment of Error, which is:

"The Court erred in suggesting a remittitur of $27,500 with respect to the verdict of the jury for the plaintiff in the amount of $92,000."

█ We think this Assignment of Error should be overruled. On this question, the case most nearly like the instant case, on its facts, that has been called to our attention, is Internat'l Harvester Co., et al. v. Sartain, 32 Tenn.App. 425, 222 S.W.(2d) 854. In that case, the jury in the court of Circuit Court Judge A. O. Holmes,

now Justice of the Supreme Court, returned a verdict of $60,000 which Judge Holmes by suggestion of remittitur reduced to $40,000, which reduction was approved by this court in an opinion written by Judge Swepston, later Justice Swepston of the Supreme Court. Certiorari was denied by the Supreme Court. In the Sartain case, the plaintiff was 28 years of age, as compared with the 27 years of plaintiff in the instant case. In the Sartain case, the plaintiff, who was earning $100.00 per week, was totally disabled, whereas in the instant case, plaintiff was only partially disabled and is now back on his old job earning the same amount as before his injury, about $350.00 per month. As was said by Judge Swepston in the Sartain case, the judge's action in suggesting a remittitur should not be disturbed unless it appears that he abused his discretion. In the instant case, we can not say that the learned trial judge abused his discretion, and, consequently, the plaintiffs Assignment of Error is overruled.

■ ■ Father Jerome C. Powers, as plaintiff in error in this court, has filed six Assignments of Error. Assignments of Error No. I and II are that there is no evidence to support the verdict and that the trial judge erred in overruling defendant Powers' motion for a directed verdict made at the end of all the proof. These Assignments of Error present the principal contention of defendant Powers. It is his theory of the case that he drove off the wide portion of the highway on to the narrow portion of same without negligence on his part, that the right wheels of his car dropped into the ditch or hole on the shoulder of the narrow portion of the highway, that because of that he lost control of the car and was not responsible for what happened thereafter. All of this was

caused, according to his contention, by the negligence of defendant J. B. Michael & Co., Inc. which created the dangerous condition and failed to warn the traveling public against same, and, consequently, that J. B. Michael & Co., Inc., alone, should be held liable for the damage and injuries to plaintiff. This theory was fully and fairly presented to the jury, which ruled against defendant Powers. The jury, with the evidence in the record before it, might properly have held in favor of defendant Powers, and if that had occurred, his appeal probably would not be before us. We cannot say, however, that his theory and his theory alone must necessarily be the conclusion of all reasonable minds. We think that reasonable minds could and did differ about the matter, and that on the evidence before it, the jury could and did properly reach the conclusion that negligence on the part of Father Powers contributed, in part, at least, to the proximate cause of plaintiff's injuries. Between Laconia and the point at which the accident occurred, there were signs which read, "Warning—This Section of Road Under Construction for Your Future and Convenience", also, "Danger—Road Under Construction—Travel at Your Own Risk—J. B. Michael & Co., Inc." "Narrow Bridge", "Bumps Ahead", "Soft Shoulders", and "Caution— Fresh Oil". The jury might properly have held, as it did, that while these signs were not sufficient to relieve J. B. Michael & Co., Inc. from liability, they were sufficient to require more cautious driving on the part of Father Powers, and that his failure so to drive constituted part of the proximate cause of the accident. The jury might properly have held, and presumably did hold, that in the light of these warning signs, Father Powers was driving at an excessive rate of speed under the circumstances, did not keep a proper lookout ahead, and did

not have his car under proper control. In that view of the case, the jury might properly have held that negligence on the part of Father Powers was at least partially responsible for his car being on the wrong side of the highway at the time and place of collision with plaintiff's truck.

■ Defendant Powers' Assignments of Error III, IV, V and VI complain of portions of the trial judge's charge, of failure to give to the jury special requests tendered by defendant Powers, and that the verdict of the jury, even as reduced by remittitur, is excessive. We have carefully read the trial judge's charge, and in our opinion it presented fully and fairly the theories of plaintiff and of each of the defendants, including, of course, that of Father Powers. The charge, as given, was adequate without addition of the special requests presented by Father Powers; and, we cannot say that the trial judge erred, either affirmatively as to any portion of the charge given, or negatively in refusing any of the special requests tendered by defendant Powers. With reference to the contention that the amount of the jury's verdict, even as reduced, is still excessive, what we have said in denying plaintiff's effort to restore the remittitur is applicable. All of the Assignments of Error filed by defendant, Powers, will be overruled.

■ The defendant, J. B. Michael & Co., Inc., as plaintiff in error in this court, has filed twelve Assignments of Error. Assignments I and II are to the effect that there is no evidence to support the verdict and that the court erred in overruling the defendant Michael & Co., Inc's motion for a peremptory instruction made at the end of all the proof. These Assignments present its principal and main defense. It is the theory of this defendant

that since its contract for improvement of the highway did not include the approach to the bridge where the accident occurred, and since the accident occurred about 150 feet beyond the portion of the highway to which its contract was applicable, no liability can be imposed against it. We cannot subscribe to this theory. In our opinion, the jury's verdict against the defendant, J. B. Michael & Co., Inc., is predicated on a finding that the negligence of this defendant in failing to warn the traveling public of the dangerous condition where the widening of the highway ended, constituted at least a part of the proximate cause of plaintiff's injuries. From 40 C.J.S. Highways sec. 262, cited with approval in Foster & Creighton Co. v. Hale, 32 Tenn.App. 208, 222 S.W.(2d) 222, which will be hereinafter discussed, we quote as follows:

"The duty of guarding against, or warning of, danger from a defect or obstruction, and liability for failure to do so, are also on an individual who has caused a defect or placed an obstruction on the highway. A highway contractor who negligently fails to guard, or maintain proper barriers, lights, or other warning signals, at unsafe places near the work of construction or repair of a highway may be held liable for injuries resulting therefrom, even though he acted without negligence in creating the dangerous situation; and this liability exists regardless of the requirements of his contract with the highway authorities, and irrespective of any liability on the part of the governmental body employing the contractor."

In 25 Am. Jur.—Highways—Section 280, we find the statement, "Dangerous excavations in close proximity to a highway may also constitute public nuisances." Also,

from 25 Am.Jur.—Highways—Section 530, we quote as follows:

"The general rule is that one who creates or maintains, on premises adjacent to a highway, a condition of such character that danger of injury therefrom to persons lawfully using the highway may or should, in the exercise of ordinary care, be foreseen or apprehended is under the duty of exercising reasonable care, by means of guards, barriers, or otherwise, to prevent such injury, although the existence of any such duty under the common law has been denied by some courts."

In Foster & Creighton Co. v. Hale, 32 TennApp. 208, 222 S.W.(2d) 222, judgment against a road contractor was affirmed where plaintiff's intestate rode his motorcycle into an unmarked ditch in a street being repaired by the defendant. The ditch in that case was about 1½ feet deep, approximately the same depth as the ditch or hole into which defendant Powers drove the right wheels of his automobile. From the opinion of the Court of Appeals in the Foster & Creighton case, written by Howard, J., we quote as follows:

"We think that the defendant was under a legal duty to warn the traveling public of dangerous pitfalls appearing in that part of the street in use, and a failure to do so was negligence for which the defendant would be liable. Furthermore, the driver of motor vehicles had a right to assume that the travelway open and in use was reasonably safe and free from pitfalls." Foster & Creighton v. Hale, 32 Tenn.App. 215, 222 S.W. (2d) 225.

In Sherman White & Co. v. Long, 205 Tenn. 295, 326

S.W.(2d) 469, although the judgment in that case was for the defendant, the accident there involved being held not to have been foreseeable, the Supreme Court, speaking through Mr. Chief Justice Neil, said:

"The fact that the Department of Highways determines the location and height of a fill, and it is so constructed by the contractor, it is held *'but this did not relieve defendant of the duty to adopt reasonable safeguards to protect the traveling public from injury which might be reasonably apprehended* from the presence of the obstruction thus created in the highway.' Finchem v. Oman, 18 Tenn.App. 40, 72 S.W.(2d) 564, 567. The italicized language clearly states the rule as to the contractor's duty, that is, he must safeguard an obstruction when, by the exercise of due care, he should reasonably foresee or apprehend that it may endanger the traveling public." Sherman White & Co. v. Long, 205 Tenn. 304, 326 S.W. (2d) 473.

In Finchem v. Oman, 18 Tenn.App. 40, 72 S.W.(2d) 564, the judgment of the lower court based on a peremptory instruction for the defendant was reversed. In that case, the plaintiff was injured by running his automobile into an unmarked fill which partially obstructed the highway. From the opinion of the Court of Appeals in that case, written by Faw, P. J., we quote as follows:

"The embankment or fill on and across a portion of the highway at the point in question was not a nuisance, as alleged in the first count of plaintiff's declaration, for the defendant had a lawful right to erect the fill in the process of the construction or reconstruction of the highway, under his contract with the state highway department; but reasonable men could not differ

about the fact that the fill disclosed by the proof constituted an obstruction to the customary use of the highway. The defendant, therefore, owed to travelers on the highway the duty of using proper precautionary means to warn them of the presence of the obstruction. The proof was conflicting with respect to the degree of the danger to be reasonably anticipated from the presence of the fill in the highway, and also as to whether defendant did or did not display a 'red light' on the fill as a warning signal.'' Finchem v. Oman, 18 Tenn.App. 44, 72 S.W.(2d) 567.

██ In the Finchem case, the obstruction was on that part of the highway covered by defendant's contract, as was the ditch in the Foster & Creighton case; whereas, in the instant case, the ditch into which Father Powers ran his automobile was just beyond the limit of Michael's contract. We think however, that this makes no difference, so far as the responsibility of defendant Michael to warn the traveling public is concerned. The test, as was stated by the Supreme Court in Sherman White Co. v. Long, turns on the foreseeability of the danger. The record in the instant case discloses that defendant Michael had been repeatedly requested by the State acting through its Highway Department or its Highway Patrol to erect warning signs, and particularly so by Trooper Morrisett, who testified that he had made such request as often as once or twice a week for several weeks preceding the accident. From the testimony of Trooper Morrisett, we quote, as follows:

''Q What did you tell him?

''A I asked him to put up signs with reference to the —some type of danger signs with reference to where the new pavement stopped and where they

started back to the old pavement and the bridges.

"Q Did you tell him this before October 2, 1961?

"A Yes, sir.

"Q Do you know, or do you remember how often you told him to do this?

"A No, sir, I would say approximately once, maybe, or twice a week.

"Q Pretty regularly, you told him?

"A Yes, sir.

"Q That this hole needed some warning of some type?

"A Yes, sir."

With testimony such as this before the jury, we think the trial judge ruled correctly when he denied the motion of J. B. Michael & Co., Inc. for a directed verdict; and its Assignments of Error I and II will be overruled.

Assignment of Error No. III filed by defendant Michael questions the amount of the jury's verdict, even as reduced by remittitur. This has been discussed already, and further discussion is unnecessary. Assignment of Error III is overruled.

Assignment of Error IV is that the court erred in overruling the motion of the defendant Michael for a mistrial after the plaintiff's attorney had wilfully questioned defendant Michael's foreman concerning the placing of flares and warning signs at the end of the project on the night after the accident when the court had previously ruled that evidence of such action was inadmissible. We cannot say that the learned judge abused his discretion in making this ruling. In any event, under the provi-

sions of the harmless error statute, section 27-117 T.C.A., such ruling would not, in our opinion, constitute reversible error. Assignment of Error IV is overruled.

■ Assignment of Error V is that the court erred in permitting counsel for defendant Powers to read the notation in the personal diary of Michael's employee Gordon Bedwell, which stated: "Had another bad wreck this evening at 6:00 P.M. car from S.C. ran off wide pavement onto shoulder losing control hitting pickup truck head on." In our opinion, the trial judge should have excluded this evidence; but, under the provisions of the harmless error statute, Section 27-117 T.C.A., no reversal of the cause should be granted. Assignment of Error V is, therefore, overruled.

Other Assignments of Error filed by defendant J. B. Michael & Co., Inc., numbered VI, VII, VIII, IX, X, XI, and XII, complain of portions of the trial judge's charge, and of his refusal to give in charge to the jury special requests presented by the defendant Michael. As stated above, we think the charge was full and fair and that it amply covered the subject matter presented in the special instructions. All of said Assignments of Error are, therefore, overruled.

All of the Assignments of Error filed, both by plaintiff and by the defendants, will be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court in favor of plaintiff Orlin Henson for $64,500, against defendant Jerome C. Powers and against defendant, J. B. Michael & Co., Inc., together with interest thereon from March 20, 1963, the date on which motions for new trial were overruled.

The costs of the cause will be adjudged against both of said defendants and their sureties on the appeal bonds filed in this cause.

Avery P.J., (W.S), and Carney, J., concur.