JONES BARKER and RUBY BARKER, Individually, and d/b/a JONES BARKER READY MIX CONCRETE COMPANY, Plaintiffs in Error, v. ROAD BUILDERS, INC. and OMAN CONSTRUCTION COMPANY, INC., Defendants in Error.—392 S. W. (2d) 838.

Western Section, at Jackson. January 29, 1965.

Certiorari Denied by Supreme Court July 19, 1965.

518

W. W. Lackey, Savannah, for plaintiffs in error.

Sidney W. Spragins, Jackson, Spragins, Menzies & Spragins, Jackson, of counsel, for Road Builders, Inc.

Ross & Ross, Savannah, for Oman Construction Co., Inc.

BEJACH, J. In this cause, Jones Barker and Ruby Barker, Individually, and doing business as Barker Ready Mix Concrete Company, sued Road Builders, Inc. and Oman Construction Company, Inc., in the Circuit Court of Hardin County, Tennessee, for damage to a ready mix concrete truck, amounting to more than $12,000.

At the end of plaintiffs' proof, the trial judge granted motions for directed verdicts in favor of both defendants and dismissed plaintiffs' suit. After moving for a new trial, which was overruled, plaintiffs appealed in error to this court, where the sole question presented for ad-

judication is whether or not the trial judge erred in granting defendants' motions for directed verdicts. In this opinion, the parties will be referred to as plaintiffs and defendants, or called by their respective names.

Plaintiffs' truck and concrete mixer were damaged on October 18, 1962 on Tennessee State Highway No. 128, at or near where what is referred to as "the north approach to Pickwick Dam" branches off from it. Said approach road was still under construction on the date of the accident. The defendant Oman Construction Company, Inc., had entered into contract with the State of Tennessee for construction of the approach highway, and had subcontracted to the defendant Road Builders, Inc., for the laying of the crushed stone base for the road, the tar prime and bituminous base and asphalt surfacing on said road. It had also subcontracted with Van Sicklen-Hunter Construction Company for that company to clear the right of way and prepare it for construction work. At or near the place where the accident occurred, State Highway No. 128 and the new road under construction diverged at an angle similar to the capital letter A, with the point of the A towards the north, and the arms of the A running southwardly away from each other. There was a "cut-off" road for the purpose of permitting traffic to go from one road to the other without making a sharp turn at the apex of the A, which cutoff road corresponds to the cross bar in the capital letter A. Highway No. 128, south of the junction, is west of the new road. At the time and place of the accident, Bobby Jones, an employee of plaintiffs, was driving their truck northwardly on Highway 128 towards Savannah, at a speed, as he claims, of about 30 to 35 miles per hour, when he suddenly came upon and ran across a roll of crushed

stone or limestone which was across the east lane of traffic on said State Highway 128, that being the right hand lane for northbound traffic. The striking of this roll of crushed limestone or rock caused Bobby Jones to lose control of the truck which he was driving, and caused it to be thrown off the west side of the highway into a ditch considerably below the level of the highway, so as to cause the damage sued for. According to the testimony of Bobby Jones, he had travelled over the same road, Highway 128, earlier in the same day, and at the time of his southbound trip, the roll of limestone or rock was not in the highway. The proof shows that at the time of the accident, a road grader was just off Highway 128 on the cross bar of the A where the roll of crushed stone had been pushed onto the highway. Within a period of about ten minutes after the accident, the operator of the grader drove the grader onto Highway 128 and pushed the crushed stone or rock back onto the cut-off road. There was a sign some several hundred yards south of the cut-off road, indicating construction for some distance ahead, and there was also a sign a short distance south of the intersection reading "Danger, Slow, Rough Road".

The position taken by both defendants is that at the time the trial judge sustained their motions for directed verdicts, the jury had before it no evidence which connected either of said defendants with the placing of the crushed stone or rock where it caused plaintiffs' truck to overturn; and, consequently, that the ruling of the judge in granting said motions for directed verdicts should be affirmed. This contention of defendants turns primarily on whether or not contracts between the defendant Oman Construction Company, Inc. and subcontractors Road Builders, Inc. and Van Sicklen-Hunter

Construction Company, Inc., which appear in the bill of exceptions at pages 136 to 147, inclusive, were before the jury, and entitled to be considered by it, if the motion for directed verdict had been overruled. In our opinion, they were; but, inasmuch as this ruling may be vital to our disposition of the lawsuit, we will quote verbatim that portion of the record which shows how and under what circumstances they were introduced into the record. At the conclusion of the examination of Claude Jones, the last witness introduced on behalf of plaintiffs, the bill of exceptions shows as follows:

"MR. LACKEY: There is only one thing I would like to do, in the plea which I think Mr. Ross finally got around to filing this morning, he makes profert some contracts here, some subcontracts, one to Road Builders and one to some other company here, which we would like to demand be placed in the record. He makes profert of them in his pleadings, of course normally we would demand them prior to this, but he didn't file them until this morning.

MR. ROSS: I don't know. * * *

MR. LACKEY: You didn't file your pleadings until this morning and I would like to ask that these be placed in the record.

THE COURT: What do you want to do, read them to the jury?

MR. LACKEY: No sir.

THE COURT: All right, without objection let them be placed in the record."

The contracts are between Oman Construction Co., Inc. and Van Sicklen-Hunter Construction Company, Inc., and

Road Builders, Inc., which show that the Van Sicklen-Hunter Construction Company was to remove all structures from the right of way, make excavations, and furnish and install culverts for drainage purposes under the road and along the road right of way; and that the defendant Road Builders, Inc., was to do all work and furnish all materials in connection with the laying of the crushed stone base for the road, tar prime and the bituminous base and asphalt surfacing on the new road.

Immediately following the copies of these contracts, the bill of exceptions contains the following recital: "THIS WAS ALL THE EVIDENCE HEARD UPON THE TRIAL OF THIS CASE.

Thereupon the jury retired and the following occurred:"

The bill of exceptions reflects that thereupon defendants' motions for peremptory instructions were made, considered by the court, and granted.

██ The argument of counsel for defendants is that, without considering these contracts as part of the evidence before the jury, there is no evidence in the record which connects defendants, or either of them, with the placing of the roll of crushed stone in the highway where it caused the upset of plaintiffs' truck. We are disposed to accept the validity of this argument, but we cannot agree that the contracts should not be treated as properly in evidence before the jury, in connection with the court's ruling on defendants' motions for a directed verdict. We interpret Mr. Lackey's answer, "No sir" to the Court's question, "What do you want to do, read them to the jury?", to indicate merely that he did not, at that particular moment, desire to take up the time of the court

and jury in reading these long contracts We assume, however, that he did wish and intend to have the contents of said contracts brought to the attention of and made known to the jury before the case was submitted to it. While it is true that the contracts were not, so far as the record shows, either read to the jury or the contents of same made known to it, we also assume that if the motions for directed verdicts had been overruled by the court, the contents of said contracts would have been then, or at some later stage in the trial, made known to the jury. Furthermore, the mere fact that the contracts are incorporated into the bill of exceptions over the signature of the trial judge, is conclusive on us, and we must consider these contracts as part of the testimony with reference to which the trial judge reached the conclusion that there was insufficient evidence to go to the jury.

On the merits of the case, there are numerous decisions in Tennessee holding, on facts quite similar to those involved in the instant case, in favor of liability, or, at least to the effect that a jury question was presented.

Among such cases are Finchem v. Oman, 18 Tenn. App. 40, 72 S. W. (2d) 564; Trigg v. H. K. Ferguson Co., 30 Tenn. App. 672, 209 S. W. (2d) 525; Foster & Creighton Co. v. Hale, 32 Tenn. App. 208, 222 S. W. (2d) 222, and Wesco Paving Co. v. Nash, 35 Tenn. App. 409, 245 S. W. (2d) 782.

The facts of the case of Finchem v. Oman, 18 Tenn. App. 40, 72 S. W. (2d) 564, were, in many respects, quite similar to the facts of the instant case, including the circumstance that a pile of dirt across part of the highway in that case looked as if it were a part of the highway, itself. In the instant case, Bobby Jones testified that the

roll of crushed stone looked like part of the highway. In the Finchem case, also, the trial judge had directed a verdict in favor of the defendant, which was reversed, the Court of Appeals, in an opinion written by Faw, P. J., holding that a jury question was involved. In that case, the trial judge had sustained the motion for directed verdict on the ground that the plaintiff was guilty, as a matter of law, of contributory negligence. Negligence on the part of defendant seems to have been assumed by the trial judge. From the opinion of Presiding Judge Faw, we quote as follows:

"But assuming that the question, as to whether there was or was not evidence of the alleged negligence on the part of defendant to take the case to the jury, is open for decision in this court, we are satisfied that the trial judge did not err in overruling that ground of the motion.

The embankment or fill on and across a portion of the highway at the point in question was not a nuisance, as alleged in the first count of plaintiff's declaration, for defendant had a lawful right to erect the fill in the process of the construction or reconstruction of the highway, under his contract with the state highway department; but reasonable men could not differ about the fact that the fill disclosed by the proof constituted an obstruction to the customary use of the highway. The defendant, therefore, owed to travelers on the highway the duty of using proper precautionary means to warn them of the presence of the obstruction. The proof was conflicting with respect to the degree of the danger to be reasonably anticipated from the presence of the fill in the highway, and also as to whether

defendant did or did not display a 'red light' on the fill as a warning signal." Finchem v. Oman, 18 Tenn. App. 44, 72 S. W. (2d) 566.

In the case of Trigg v. H. K. Ferguson Co., 30 Tenn. App. 672, 209 S. W. (2d) 525, a judgment for defendant based on a peremptory instruction was also reversed and the cause remanded for submission to a jury. In that case, instead of forming an A, as in the instant case, the roads formed a T, and the plaintiff drove across the top of the T, assuming that the road continued in that direction, there being no warning signs or guard rail to prevent such action on his part. From the opinion of that case, written by Anderson, P. J., we quote as follows:

"In this connection there is very respectable authority to the effect that the contractor who, in the performance of his contract with a public body, makes a highway dangerous or leaves it in a dangerous condition and fails to properly guard it, knowing it is open to traffic, is liable for an injury sustained on that account by one rightfully on the thoroughfare." Trigg v. H. K. Ferguson Co., 30 Tenn. App. 685, 209 S. W. (2d) 531.

In Foster & Creighton Co. v. Hale, 32 Tenn. App. 208, 222 S. W. (2d) 222, judgments in favor of plaintiffs, under facts similar to those involved in the instant case, were affirmed. In that case, the dangerous situation was a ditch or depression, rather than a mound or hill, but the principle is the same. From the opinion of the Court of Appeals in that case, written by Howard J., we quote as follows:

"We think that the defendant was under a legal duty to warn the traveling public of dangerous pitfalls ap-

pearing in that part of the street in use, and a failure to do so was negligence for which the defendant would be liable. Furthermore, the drivers of motor vehicles had a right to assume that the travelway open and in use was reasonably safe and free from pitfalls.'' Foster & Creighton Co. v. Hale, 32 Tenn. App. 215,. 222 S. W. (2d) 225.

Wesco Paving Co. v. Nash, 35 Tenn. App. 409, 245 S. W. (2d) 782, was a case in which a pedestrian recovered a verdict which was affirmed, where she stepped into a pile of fresh dirt left in a pathway by defendant's employees, and broke her leg. From the opinion in that case, also written by Howard J., we quote as follows:

''It is well settled that were work is being done on a street, due care must be taken to avoid injury to travelers, and a contractor creating a hazard therein is under duty to place suitable barricades or warning signs, and in nighttime, to properly place lights, to warn traveling public of the hazard, and failure to do so would be negligence for which contractor would be liable. Finchem v. Oman, 18 Tenn. App. 40, 72 S. W. (2d) 564; Foster & Creighton Co. v. Hale, 32 Tenn. App. 208, 222 S. W. (2d) 222.'' Wesco Paving Co. v. Nash, 35 Tenn. App. 419-420, 245 S. W. (2d) 786.

In the recent case of Henson v. Powers, 53 Tenn. App. 504, 384 S. W. (2d) 452, this Court reviewed the line of cases from which the above quoted passages are taken, and approved same, affirming a verdict in favor of plaintiff, even though the accident in which plaintiff was injured occurred beyond the end of the portion of the highway to which the defendant's contract applied.

██ It is the contention of counsel for plaintiff, with which contention we feel constrained to agree, that a jury question was presented against both defendants in this case, because Oman Construction Company, as the prime contractor, had a non-delegable duty to perform, and cannot be relieved of liability because it had subcontracted the work to Road Builders, Inc., which company was directly responsible for the accident. On this subject, we quote from Trigg v. H. K. Ferguson Co., supra, as follows:

"The several contentions of the defendants are disposed of in a different order from that in which they are set out above. As to the third, a mere statement of the rule is a sufficient answer. If the injury result not from negligence but from the fact that the work is performed at all, or from the failure to perform it, then the contractor is entitled to share the immunity of the public body by whom he is engaged; but not so, if the injury results from the negligent manner in which the work is done. 43 Am. Jur. 825, 826; Note, 69 A. L. R. 496. With reference to highway contractors in particular, the rule is stated in an authoritative text as follows: 'An independent highway contractor is denied the immunity from liability for damages resulting from highway defects and obstructions, which is sometimes granted the sovereign or public body, and, *having a primary and nondelegable duty to keep the highway in safe condition during work thereon* (emphasis ours), a highway contractor must respond in damages for injuries due to his negligence or other breach of duty. Liability is predicated on breach of duty to the public and sounds in tort and not in contract.' 40 C.J.S., High-

ways, sec. 252.'' Trigg v. H. K. Ferguson Co., 30 Tenn. App. 680, 209 S. W. (2d) 529.

It is the theory of plaintiffs, with which theory we also agree, that it is more probable than otherwise that the road grader at the scene of the accident was being operated by the defendant Road Builders, Inc., and that under authority of Phillips v. Newport, 28 Tenn. App. 187, 187 S. W. (2d) 965; Wesco Paving Co. v. Nash, 35 Tenn. App. 409, 245 S. W. (2d) 782; and Crowe v. Provost, 52 Tenn. App. 397, 374 S. W. (2d) 645, the issues of this cause should have been submitted to the jury as against both defendants.

For the reasons hereinabove stated, the judgment of the lower court will be reversed and this cause remanded for a new trial to the Circuit Court of Hardin County, Tennessee.

The costs of the appeal will be adjudged against the defendants. The costs of the lower court may await the outcome of the litigation there.

Avery, P. J. (W. S.), and Carney, J., concur.